## The City Bank of New Orleans v. Banks et al.

Where in an action, on an unconditional obligation for the payment of a specific sum of money, against a party who had been discharged as a bankrupt under the act of Congress of 19 August, 1841, the discharge is impeached on the ground of fraud, the defendant can only entitle himself to a trial by jury, by making the affidavit prescribed by sect. 24 of the stat. of the 20 August, 1839.

APPEAL from the District Court of the First District, *Buchanan*, J. *Wilde*, *Lockett* and *Micou*, for the plaintiffs. *Cohen* and *L. Pierce*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This suit, as now before us on the appeal, is pending between the plaintiffs and *Thomas Banks* and his wife, and was instituted on a bond, or obligation, made by the defendants, on the 30th of June, 1837, for the sum of $55,000. It was given in consideration of a loan made by the plaintiffs to the defendants, and bore a mortgage on property in the city known as Banks' Arcade. The prayer of the petitioners was, that the parties be condemned to pay, *in solido*, the amount of the bond, and interest until paid, with a special mortgage on the property.* There was judgment in favor of the plaintiffs for the debt and interest, but without any reference to the property mortgaged. The defendant *Banks* has appealed. There were other parties originally made in this suit, but as the plaintiffs have discontinued as to them, and there is no connection between them and the matters in issue between the plaintiffs and the appellant, it is not necessary to notice them. *Banks* had obtained his discharge and certificate under the bankrupt act of 1841, and the plaintiffs gave notice in their petition that, if his certificate should be pleaded in bar of this action, it would be impeached by them on certain grounds of fraud and wilful concealment of property on his part, which were specifically set forth. The fourth section of the late bankrupt act, provides for the pleading of the discharge and certificate in any court of judicature, and that it shall be conclusive evidence of itself in favor of the bankrupt, unless impeached for some fraud, or wilful concealment of property, or rights of property, contrary to the provisions of the act, on prior reasonable notice specifying such fraud, &c. U. S. Statutes at Large, vol. 5, p. 444. The frauds alleged to have been committed by the bankrupt, which the district judge considered as proved, invalidate his discharge and certificate under the bankrupt act. Concurring with him in the opinion he has given as to their character, and also as to the obligations of his co-defendant, *Mrs. Banks*, it is unnecessary to bring before the public the disgusting details of the turpitude of this bankrupt which the record presents, or to mention any other reasons for our conclusions than those given by the district judge for his.

A bill of exceptions was taken to the decision of the court below in refusing to the defendants a trial by jury, which they had prayed for in a supplemental answer. The judge refused to the defendants a jury, on the ground that the affidavit made in order to obtain it did not conform to the requisites of the act of March 20th, 1839. The 24th section of that act provides that, suits against the parties to promissory notes and bills of exchange, and generally those brought on unconditional obligations to pay a specific sum of money, shall be

---

* Banks pleaded his discharge under the act of Congress of 19 August, 1841.

tried without a jury, unless the defendant shall, under oath, deny his signature to the instrument, or make oath of a defence on the ground of error, fraud, failure or want of consideration, or of a plea of compensation or reconvention. The affidavit of the defendant was to his discharge under the bankrupt act, and denied the charges of fraud and concealment of property as made in the petition.

That this is a suit on one of those instruments included in this section cannot be questioned, and that the defence set up in this case is not one of the excepted cases is equally evident. The trial by jury in criminal cases is guarantied by the constitution; in civil cases it rests with the legislature alone, and they have provided that certain classes of cases shall be tried without the intervention of juries. The notice which the plaintiffs gave in their petition that they would impeach the defence of the defendant if made, does not change the character of the suit. It is still a suit upon the instrument, and the defence is not one of those on which the defendant has a right by law to a trial by jury. We think the judge did not err in refusing the defendant's application.

There are cases in which judges seek the assistance of juries in determining questions upon which they cannot themselves come to satisfactory conclusions; but this is not one of them. Of the correctness of the decision of the court below on the merits, a shadow of doubt does not exist.

*Judgment affirmed.*