84 So.2d 610

Herbert S. LEA

v.

**ORLEANS PARISH SCHOOL BOARD et al.**

No. 41991.

Nov. 7, 1955.

Rehearing Denied Dec. 12, 1955.

Samuel I. Rosenberg, New Orleans, for appellants.

Richard Dowling, New Orleans, for appellee.

SIMON, Justice.

On April 23, 1953, the Orleans Parish School Board found plaintiff and appellee herein, Herbert S. Lea, one of its employees, guilty of incompetency and suspended him without pay for the remainder of the 1952–1953 school term. Beginning in September, 1953, he was assigned to the principalship of a school of less than 300 students, at the scheduled pay scale of such a school and with a consequent reduction in salary. This action was taken after a public hearing by the School Board and admittedly conducted in conformity with the provisions of LSA–R.S. 17:462, known as our Teachers Tenure Law. On April 28, 1953, appellee petitioned the Civil District Court for the Parish of Orleans for a full hearing to review the action of said Board. After issue was joined, a supplemental petition was filed by appellee, praying for a trial by jury, and an order to this effect was issued.

A motion to remove the case from the jury docket was filed by the appellant School Board, which after hearing, was denied by the trial court. Hence this appeal.

This appeal presents but one question, and that is whether or not the appellee is entitled to have this cause tried by a jury.

We have often expounded the proposition of law recognizing the right of a school board to employ and discharge its employees, in the absence of restrictive legislation. This inherent right of a school board, however, has been restricted by the adoption of the Teachers Tenure Law LSA–R.S.1950, 17:462; sec. 66 of Act 100 of 1922, as amended by Act 250 of 1944, which in part provides:

"If a permanent teacher is found guilty by the school board, after due and legal hearing as provided herein, on charges of * * * incompetency, * * * and ordered removed from office or disciplined by the said board, the teacher may * * * petition a court of competent jurisdiction for a full hearing to review the action of the

school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. * * * "

■ The right of a trial by jury springs from the provisions of Article 7, section 41 of the Louisiana Constitution LSA: "The Legislature shall provide for the election and drawing of competent and intelligent jurors for the trial of civil and criminal cases; * * *." Manifestly, this provision is nothing more or less than a constitutional mandate to the legislature to provide for the election and drawing of jurors. Article 19, section 9 of the Constitution provides that juries in criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence, and by its very terms applies exclusively to criminal cases. There is no provision in our Constitution defining the province of a jury in civil cases, the legislature alone having been vested with that right. The City Bank of New Orleans v. Banks, 1 La. Ann. 418.

Nowhere in our statutory law (Louisiana Revised Statutes of 1950) is there set forth the type of civil actions wherein the plaintiff has the right to demand a trial by jury. The only law which, in some measure, provides for jury trials is that found in the provisions of Article 494 of our Code of Practice, reading:

"The plaintiff who wishes for a jury must pray for the same, either in his original petition, or by a supplemental petition, which must be presented before the suit

be set for trial; provided, that all suits against makers and indorsers of promissory notes, drawers, indorsers and acceptors of bills of exchange, and generally all suits brought on unconditional obligations to pay a specific sum of money, shall be tried without a jury, unless the defendant shall make oath that his signature to said note, or other obligation, is not genuine, or that he expects to prove that the same had been obtained through fraud or error, or want or failure of consideration, or in cases where the defendant in his answer may set up a plea of compensation or reconvention, and make oath to the truth of all the allegations in said plea or answer."

■ This article merely establishes the procedure to be observed by plaintiffs in civil cases who desire a jury, but does not set forth the type of civil cases which can be heard. It specifies causes of actions which must be tried *without a jury*. On several instances we have recognized the fact that these specified exceptions are not exclusive.

We have held that a partition suit, though not included within said specified exceptions, was not triable before a jury. Bickham v. Pitts, 185 La. 930, 171 So. 80, 85.

In the Bickham case, supra, the reasons advanced by us for the denial of a right to a trial by jury in a partition suit are as follows:

"* * * A partition suit does not fall under the provisions of that article of the Code, nor does it fall under the provisions

of any other law so far as we know. One reason why partition suits should not be tried by juries is that juries, which are necessarily composed of laymen, are not competent to pass upon the issues necessarily involved in partition suits."

Hence, the specified exceptions contained in said article not being exclusive, other civil suits, though not expressly excluded therein, may be heard which, by their very nature, do not warrant the intervention of a jury. Such is the nature of the case at bar.

Under the provisions of our Teachers Tenure Law, a permanent teacher aggrieved by the action of the school board may petition a court of competent jurisdiction for a full hearing to review the action of the board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter.

■■ This statute recognizes and grants specific rights and privileges to persons falling within the classification of permanent teachers. It, being a general statute affecting all persons within that class, must be given a liberal construction. In interpreting and construing this statute the words used in defining the rights and privileges of the plaintiff must take color from each other and be construed according to their context. By its terms, the vesting in a *court* of competent jurisdiction the right to conduct a *full hearing to review* the action of the school board, with the corresponding right to affirm or reverse the

action of said board, necessarily indicates the legislative intent that a district judge of a court of competent jurisdiction would be the sole arbiter in the re-examination of the action taken by the school board and to thereby either reverse or affirm said action.

Accordingly, for the reasons assigned, the judgment of the district court is reversed, annulled and set aside, and it is ordered that this cause be remanded for further proceedings in accordance with law.