PRICE, Judge.
Robert Howell has appealed from the judgment of the district court dismissing his suit against the Winn Parish School Board, et al, requesting he be ordered reinstated as principal of Atlanta High School and awarded a monetary judgment for back salary and attorney’s fees.
Howell had been employed by the school board for a sufficient period of time to have acquired tenure rights under LSA-R. S.17:442. He had served as principal of Atlanta High School for several years prior to the time of his dismissal by the board on April 15, 1974. The proceedings leading to plaintiff’s discharge were initiated by E. H. Farr, who was at the time Superintendent of Winn Parish Schools. In a letter to the school board dated March 11, 1974, Farr alleged plaintiff was guilty of willful neglect of his duties as principal and recommended his discharge.
The primary allegation made by Farr in his recommendation is that Howell was absent from his duties as principal of the Atlanta High School between June 11th and June 15, 1973, which was the last work week for school principals. They are required to continue duties for a period of two weeks after the close of the regular school year in accord with a rule established by resolution of the School Board. Farr further alleged the absence of Howell caused him to have to assume the principal’s duties in signing checks in payment of accounts for the previous month and that a student employed in the N.Y.C. program was left unsupervised during this period.
The hearing held by the school board on March 11, 1973, was in compliance with the procedural requirements of the Teacher Tenure Law, LSA-R.S. 17:443, and the board after hearing the evidence presented on behalf of and against Howell voted unanimously to discharge him. He thereafter timely filed this proceeding in the district court for judicial review and seeks reinstatement, back salary and attorney’s fees. He also seeks injunctive relief.
By agreement all issues were tried at the time the rule for a preliminary injunction was set for hearing. The trial court concluded there was substantial evidence to support the board’s finding that Howell was absent for the period in question without permission, affirmed the decision of the board and rejected plaintiff’s demands.
On this appeal plaintiff urges the trial court was in error in affirming the action taken by the school board as the evidence presented did not show plaintiff’s absence was without permission and that the action taken by him did not constitute “willful neglect of duty” as provided in the statute.
*422 The judicial review of a school board’s action terminating a tenured teacher under R.S. 17:443 is limited to a determination of whether the board who possesses executive and administrative authority by law has acted in good faith and upon substantial evidence in making its determination to dismiss the teacher. State v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153 (1944); Mims v. West Baton Rouge Parish School Board, 315 So.2d 349 (La.App. 1st Cir. 1975).
The record reflects the following evidence was presented to the board at the hearing. Farr testified Howell had requested and was granted a sabbatical leave for the 1973-1974 school year to attend college to work on his master’s degree. It was his understanding Howell was to enroll in the fall of 1973. He further testified that on a routine visit to the Atlanta School on Monday June 11, 1973, he inquired of the whereabouts of Howell and was told by the school secretary he had left school a few days early to register for the summer term at Northwestern State University. Farr also testified he observed the N.Y.C. student sitting in the principal’s office with no duties to perform. Farr further testified construction work was going on at the school which needed to be looked after by the principal. He also testified that no one had authority to sign checks in Howell’s absence and it was necessary that he make arrangements for his signature to be accepted in the place of the principal.
Howell testified he had asked Farr for permission to leave early to register for the summer term of college approximately a week before he left. He contends the discussion took place in the corridor near Farr’s office on a visit made to the office to file his final reports. He further testified he had finished all reports and had an agreement with the agricultural teacher at Atlanta High School, Prentis Ferguson, to act as a principal in his absence. He left the keys to the school the night before his departure with the husband of his secretary, Mrs. Dorothy Collins. Howell also contends he came by the school office during the middle of the week to sign checks and was advised by Mrs. Collins that the superintendent had already signed most of the checks. He contends he did sign two remaining checks at this time.
Farr denied that Howell asked him for permission to be absent for the week in question and testified he would not have granted it as it was not his policy to give permission for an absence of this length of time without board approval.
Plaintiff presented the testimony of a former female employee of the school board who purported to have overheard the conversation in which Farr granted plaintiff permission to be absent. There is evidence showing this employee had been discharged by Farr apparently for reasons unrelated to this matter prior to her appearance as a witness for Howell.
Prentis F'erguson testified he agreed with Howell to serve in his place and assumed plaintiff had obtained authority from the school superintendent for this request.
On the basis of this conflicting testimony regarding permission to be absent, the board apparently chose to believe Superintendent Farr. This is a factual matter involving credibility and the board’s finding on such an issue should not be disturbed unless manifestly erroneous. As we do not find manifest error in the finding of the board, we must resolve whether this constitutes “willful neglect of duty” justifying his discharge under R.S. 17:443.
We have examined all cases cited by counsel in brief and do not find that any are sufficiently analogous factually to define what conduct constitutes “willful neglect of duty.”
Although the evidence does not show any real or serious harm was caused by plaintiff’s absence for the week in question and though his dismissal under the circumstances could be termed harsh, we nevertheless are of the opinion such a derelic *423 tion is sufficient to authorize the board to exercise its discretion to terminate the employment.
In the absence of a showing that the board exercised its discretion arbitrarily or unreasonably, this court should not attempt to determine if its decision was wise or unwise. State v. Jefferson Parish School Board, supra.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.
DENNIS, J., dissents without giving written reasons.