542 So.2d 490 (1989)
Delmas THORNE, et al.
v.
The MONROE CITY SCHOOL BOARD.
No. 88-C-2668.
Supreme Court of Louisiana.
May 1, 1989.
Rehearing Denied June 2, 1989.
J. Michael Rhymes, Monroe, for applicants.
Benjamin Jones, Jones & Smith, Monroe, for respondent.
LEMMON, Justice.
The issue in this case is whether a tenured school teacher who is also a part-time school bus driver is entitled to acquire tenure as a school bus driver under the provisions of La.R.S. 17:491 et seq. We hold that tenure as a school bus driver may be acquired only by employees who have served a probationary term as bus operators on a full-time basis.
For many years the Monroe City School Board allowed some teachers to act also as school bus drivers, picking up children from their homes on the driver's way to school and returning children to their homes in the afternoon after school. Plaintiffs are nineteen tenured school teachers who have also driven school buses for periods between eight and thirty years.[1]
In July, 1987, as a method of consolidating routes and saving costs, the Board eliminated the routes of the teacher-drivers and dismissed plaintiffs from their positions *491 as school bus drivers. This dismissal was effected without formal notice or hearing. Alleging that they had acquired permanent status under La.R.S. 17:492, plaintiffs filed a petition for a preliminary injunction to prevent the Board from dismissing them without following the procedure required by La.R.S. 17:493.[2]
The district court granted the injunction, determining that plaintiffs fell within the definition of school bus operators under La.R.S. 17:491.[3] Since there are no statutory provisions excluding part-time school bus operators from tenure, the court reasoned that plaintiffs acquired permanent status within the meaning of La.R.S. 17:492 by serving as bus drivers in excess of three years.
The court of appeal reversed, holding that the teacher tenure law clearly embodied the concept that a teacher can acquire only one permanent tenured status so that an employee of the Board is not entitled to concurrent tenure as a teacher and as a bus operator.[4] 531 So.2d 567. We granted plaintiffs' application for certiorari in order to review this decision. 535 So.2d 733.
The doctrine of employment-at-will has been espoused by the civil law since before the enactment of the first Civil Code of Louisiana. The present code provides that an employer may dismiss an employee not hired for a definite period "without assigning any reason for so doing". La.C.C. art. 2747.[5] This identical article was enacted in the Civil Code of 1808, which in turn was modeled after the French and Roman law. See R. Pothier, Treatise on the Contract of Letting and Hiring, § 176 (G. Mulligan trans. 1953); Tucker, Sources of Louisiana's Law of Persons, 44 Tul.L.Rev. 264 (1970).
The Legislature created an exception to the employment-at-will doctrine when it adopted statutes providing permanent tenured positions to teachers and bus-drivers.[6]
The historical purpose of tenure, which originated in higher education, was the protection of academic freedom by preventing arbitrary or repressive dismissal. Quinlan, State Teacher Tenure Statutes: An Appeal for Repeal, 9 J. Legislation 144 (1982); Kerwin, The Part-Time Teacher and Tenure in California, 10 Golden Gate U.L. Rev. 765 (1980). After the acceptance of tenure in higher education, many state legislatures passed statutes providing for tenure in primary and secondary schools. The need for tenure in lower education has been justified in order to prevent school boards from abusing superior bargaining *492 power in contract negotiations, to provide stability within the teaching profession by assurance of continued service to experienced teachers, and to prevent dismissal for unfounded, political or partisan reasons. Evans v. Benjamin School District, 134 Ill.App.3d 875, 89 Ill.Dec. 637, 480 N.E. 2d 1380 (1985); Spiewak v. Board of Education of Rutherford, 90 N.J. 63, 447 A.2d 140 (1982); Reed v. Orleans Parish School Board, 21 So.2d 895 (La.App.Orl.1945); Quinlan, supra.
Because tenure laws are an exception to the deeply rooted civil law doctrine of employment-at-will, such laws should be strictly construed in determining the class of persons who are entitled to their benefits.[7] Also, because of the special problems that tenure statutes impose upon school boards, tenure statutes should be interpreted so as not to unduly interfere with the Board's primary responsibility of operating the educational system efficiently. Hartog-Rap & Nicholas, The Effect of Teachers' Part-Time Employment on the Acquisition and Retention of Tenure, 1981 Ill.B.J. 564; Evans v. Benjamin School District, 134 Ill.App.3d 875, 89 Ill.Dec. 637, 480 N.E.2d 1380 (1985).
In the present case plaintiffs' employment as school bus drivers has always been in conjunction with their duties as full-time teachers, and plaintiffs have always been considered to be part-time bus drivers.[8] This court has never addressed the issue whether part-time drivers are entitled to acquire tenure.
La.R.S. 17:491 does not expressly provide a probationary term for part-time drivers. The statute simply defines a school bus operator as an employee whose duty it is to transport students in a city or parish bus or activity bus. The issue is whether the Legislature intended to include part-time school bus drivers within the class of persons contemplated to be protected by the statute, when strictly construed.
In California it is statutorily provided that part-time teachers in adult or community college classes (those who are employed for not more than sixty percent of the hours per week considered a full-time assignment for regular employees) are classified as temporary employees. Although part-time employees are rehired continuously from semester to semester, they do not accumulate seniority or tenure status. Cal.Educ.Code § 87482.5 (West 1985); Kerwin, The Part-Time Teacher and Tenure in California, 10 Golden Gate U.L.Rev. 765; Peralta Federation of Teachers v. Peralta Community College District, 24 Cal.3d 369, 595 P.2d 113, 155 Cal.Rptr. 679 cert. denied, 444 U.S. 966, 100 S.Ct. 455, 62 L.Ed.2d 379 (1979).
*493 Illinois' Teacher Tenure Law confers tenure only upon those public school teachers who have completed consecutive school terms of full-time employment. Ill.Rev. Stat. ch. 122, § 24-11 (1983). The Illinois courts have refused to allow the school board to grant tenure to a part-time teacher who has not met the service requirements. In Evans v. Benjamin School District, 134 Ill.App.3d 875, 89 Ill.Dec. 637, 480 N.E.2d 1380 (1985), the court held that a teacher who was employed for only one-half day and was paid for one-half time could not acquire tenure as a full-time teacher. The court noted that the fact that the teacher "personally considered her teaching efforts to be a full-time activity or that she, like all teachers, was necessarily employed in planning and preparation in addition to the classroom teaching period" was not determinative of the question. Id., 89 Ill.Dec. at 641, 480 N.E.2d at 1384.
In New York, as in Louisiana, the pertinent tenure statutes are silent as to a probationary term for part-time employees. In Ceparano v. Ambach, 53 N.Y.2d 873, 423 N.E.2d 38, 440 N.Y.S.2d 615 (1981), the court discussed the long-standing principle that only full-time teaching service fulfills the statutory requirement of a three-year probationary term so as to entitle a teacher to a tenured appointment. The court concluded:
"Inasmuch as the statute does not expressly provide a probationary term for part-time teachers, the denial of tenure credit for part-time service is not arbitrary. While public policy does not prohibit a contractual provision giving tenure credit for part-time service, ... nothing mandates credit in the absence of such provision."
Id., 423 N.E.2d at 39, 440 N.Y.S.2d at 616.
A strict reading of La.R.S. 17:491 leads us to conclude that plaintiffs are not among the class of persons that the Legislature intended to include as beneficiaries of the tenure act for bus drivers. Moreover, the statutory procedure for removal of drivers in case of discontinuance or consolidation of routes indicates that tenure was not contemplated for part-time bus drivers. When routes are consolidated, as occurred in this case, principles of seniority apply, so that the junior bus driver must be the first driver removed. La.R.S. 17:493D. Thus, if a teacher-driver's route is to be consolidated with that of a regular driver, the teacher-driver (if he is senior) is entitled to the consolidated route, creating an obvious conflict with his primary duties as a teacher. The fact that teacher-drivers cannot effectively participate in the seniority procedure mandated for consolidation of routes is a strong indication that the school bus tenure laws were not intended to apply to part-time employees.[9]
We conclude that plaintiffs, as part-time school bus drivers, have not completed or even entered into a probationary period which would lead to acquisition of tenure after three years. We therefore hold that the Board's dismissal of the teacher-drivers did not violate La.R.S. 17:491 et seq., and plaintiffs are not entitled to injunctive relief.
The judgment of the court of appeal is affirmed.
WATSON and COLE, JJ., dissent.
DENNIS, J., dissents with reasons.
DENNIS, Judge, dissenting.
I respectfully dissent.
The majority opinion adopts a position diametrically opposed to this court's basic view that tenure laws should be construed liberally. Further, the majority opinion will have a discriminatory effect upon bus drivers because it ignores well established jurisprudence in which this court and the courts of appeal have liberally construed the Teacher Tenure Act in favor of teachers to construe the Bus Driver Tenure Act against the relator bus drivers.
In Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976) this court stated that "[t]he Louisiana Teacher Tenure *494 Act is designed to protect the job security of teachers and the statute should, therefore, be liberally construed in favor of the class of person intended to be its primary beneficiaries, the tenured employees. See Palone v. Jefferson Parish School Board, 306 So.2d 679 (La.1975); Lewing v. De Soto Parish School Board, 238 La. 43, 113 So.2d 462 (1959); Lea v. Orleans Parish School Board, 228 La. 987, 84 So.2d 610 (1955)." Furthermore, the court of appeal in Thompson v. East Baton Rouge Parish School Board, 303 So.2d 855 (La. App. 1st Cir.1974), recognized that a part-time teacher who had taught three years fits the definition of "teacher" under tenure law since there are no provisions excluding part-time teachers or requiring that a teacher work a certain number of hours per day before the act is applicable and that such a teacher, barring overriding considerations not relevant in the present case, would become a "permanent" teacher within the meaning of the tenure law.
Similarly the tenure act for bus drivers does not have any provisions which distinguish on the basis of full or part-time drivers or require a certain number of hours worked. The act defines a "school bus operator" as "any employee of any city or parish school board whose duty it is to transport students in any city or parish school bus or activity bus to and from any suitable grade approved by the department of education or to and from any school related activity." R.S. 17:491. The plaintiffs herein meet that statutory definition. There is no reason that we should construe the tenure act for bus drivers any less liberally and inclusively than we do the teachers' tenure law.
Moreover, the opinion of the court in this case goes out of its way to adopt a position that has been rejected nationally by many jurisdictions and embraced only by New York and a few other states. The predominant view is that the purpose of teacher tenure laws is to promote good order and the welfare of the state and school system by preventing the removal of capable and experienced teachers by political or personal whims, and to insure accomplishment of the purposes for which tenure statutes are enacted they should be liberally construed. State Tenure Commission v. Madison County Bd. of Ed., 282 Ala. 658, 213 So.2d 823 (1968); School Dist. of City of Royal Oak v. Schulman, 68 Mich.App. 589, 243 N.W.2d 673 (1976); State ex rel Kohr v. Hooker, 106 Ohio App. 1, 152 N.E.2d 788 (1958); Barendregt v. Walla Walla School Dist. N. 140, 87 Wash.2d 154, 550 P.2d 525 (1976); Bd. of Ed., Tucson High School Dist. No. 1 v. Williams, 1 Ariz.App. 389, 403 P.2d 324 (1965); Williams v. Bd. of Ed., Cass R-VIII School Dist., 573 S.W.2d 81 (Mo.Ct.App.1978); State ex rel Saxtorph v. District Court Fergus County, 128 Mont. 353, 275 P.2d 209 (1954); Mroczek v. Bd. of Ed., 61 Ohio Misc. 6, 15 Ohio Op.3d 394, 400 N.E.2d 1362 (1979). Although this court has adopted this position with regard to the teacher tenure law it now refuses to extend such open handed construction in favor of bus drivers. It is highly uncharacteristic of this court to deny evenhanded application of the law to a discrete group of individuals for no convincing reason.
NOTES
[1] It is undisputed that each plaintiff has acquired tenure as a teacher in the Monroe public school system under La.R.S. 17:441 et seq.
[2] La.R.S. 17:492 provides that after a school bus operator has successfully served a probationary period of three years, he "shall automatically become a regular and permanent operator in the employ of the school board of the parish in which he has successfully served his probationary term".

La.R.S. 17:493 provides that "a permanent school bus operator shall not be removed from his position except upon written and signed charges ... and then only if found guilty after a hearing by the school board of the parish or city in which the school bus operator is employed". If the ground for removal is based on "abolition, discontinuance, or consolidation of routes", there must be "a hearing by the school board of the parish or city, that it is in the best interests of the school system to abolish, discontinue, or consolidate said route or routes".
[3] La.R.S. 17:491 defines "school bus operator" as "any employee of any city or parish school board whose duty it is to transport students in any city or parish school bus or activity bus to and from any school of suitable grade approved by the department of education or to and from any school related activity".
[4] In determining the concept of entitlement to only one permanent status, the court referred to La.R.S. 17:444 A(1), which provides:

"[w]henever a teacher who has acquired permanent status ... in a parish or city school system is promoted by the employing school board by moving such teacher from a position of lower salary to one of higher salary, such teacher shall serve a probationary period of three years in the higher position before acquiring permanent status therein, but shall retain the permanent status acquired in the lower position from which he was promoted."
[5] The full text of La.C.C. art. 2747 states:

"A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."
[6] The Teacher Tenure Act was enacted in Section 29 of Acts 1922, No. 100. Bus drivers were accorded tenure by Acts 1942, No. 61.
[7] Once it has been determined that the claimant falls within the class of persons entitled to the benefits of the tenure laws, such laws should be liberally construed in favor of the class of persons intended to be its primary beneficiaries, the tenured employees. Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976). The issue in Howell was not whether the claimant fell under the Teacher Tenure Act, but whether the statutory term "willful neglect of duty" should be liberally construed in favor of the tenured teacher.
[8] In the absence of a statute, the determination whether a claimant is a full-time or part-time employee is made on a case-by-case basis. Here, the distinctions between part-time and full-time school bus drivers are significant:

1. The teacher-drivers have no written contracts with the Board, while the regular drivers do;
2. The teacher-drivers are paid approximately forty percent of the pay of the regular bus drivers employed by the Board;
3. The teacher-drivers do not participate in the twelve percent non-teacher portion of the city's sales tax collections, as do the other drivers, but they share with other teachers the supplemental pay from the remaining eighty-eight percent of the tax;
4. A portion of the teacher-driver's pay as a driver is remitted for credit in the State Teacher Retirement System, but none is remitted to the State Employee Retirement System to which other bus drivers contribute;
5. Teacher-drivers are allowed sick leave benefits provided for all teachers under La. R.S. 17:1201 A(1), whereas other drivers' sick leave is governed by La.R.S. 17:500 B;
6. Teacher-drivers serve students only at the school in which they teach, whereas other drivers serve students at more than one school, drive more than one route, and are available throughout the day for activity runs.
[9] The teacher-drivers apparently demand continuation of the status quo, thereby precluding any consolidation, no matter how justified by principles of efficiency in eliminating part-time drivers.