# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 08-73

JANE MARKS RICHARD

VERSUS

LAFAYETTE PARISH SCHOOL BOARD

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2006-3325
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

## GLENN B. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

**J. Isaac Funderburk**
**Funderburk & Herpin**
**P. O. Drawer 1030**
**Abbeville, LA 70511-1030**
**(337) 893-8140**
**Counsel for Plaintiff/Appellant:**
    **Jane Marks Richard**

**L. Lane Roy**
**Dawn L. Morris**
**Preis & Roy**
**P. O. Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**Counsel for Defendant/Appellee:**
**Lafayette Parish School Board**

GREMILLION, Judge.

The plaintiff, Jane Marks Richard, appeals the judgment of the trial court finding that the Lafayette Parish School Board's decision terminating her from her position as a tenured teacher did not violate her due process rights. We reverse and remand.

## FACTS

Richard, a special education pre-school teacher at Live Oak Elementary School in Lafayette, Louisiana, was suspended with pay by Live Oak's principal, Christine Duay, on November 4, 2005. She was initially reprimanded by Duay on November 3, 2005, for failing to comply with the Individual Education Plans (IEPs) for three of her students, failing to complete lesson plans and progress reports, and for hitting a child with a ruler. She was officially notified of her reprimand via certified letter on November 7, 2005. On November 4, 2005, Richard was suspended with pay after Duay further learned of her using inappropriate or unnecessary restraints on the children in her class. Notification of this reprimand was sent via certified letter from Duay on November 8, 2005. In that letter, Duay informed Richard that she had learned of further misconduct committed by her in the form of force feeding students, pushing up against a student in time out, and the improper use of Crisis Prevention Intervention (CPI). Duay further informed Richard that she was recommending her termination as a teacher in the Lafayette Parish School System.

Via a November 22, 2005 certified letter, Dr. James Easton, the Superintendent for the Lafayette Parish School Board, informed Richard that he concurred in Duay's recommendation to terminate her employment. He stated that

1

he would present that recommendation to the Lafayette Parish School Board at its regular meeting on December 7, 2005. As Richard was a tenured teacher, he told her that she was entitled to schedule a tenure hearing.

A tenure hearing was held before the School Board on February 1, 2006. Both Richard and the School Board were represented by counsel. At the start of the hearing, counsel for Richard objected to the proceeding based on the failure of School Board to comply with the procedural mandates of La.R.S. 17:443(A). The hearing continued after the School Board determined that Richard had received sufficient notice of the charges brought against her. Thereafter, the School Board presented evidence consisting of exhibits and witness testimonies. Richard did not testify on her own behalf. Following the close of evidence, the School Board upheld Dr. Easton's recommendation to terminate Richard.

Richard appealed this decision to the Fifteenth Judicial District Court alleging that she was deprived her due process rights based on the School Board's failure to comply with La.R.S. 17:443. The parties submitted the matter on briefs, after which the trial court rendered a ruling finding that the School Board substantially complied with the Teacher Tenure Law and there was no abuse of discretion in its decision to terminate Richard. This appeal by Richard followed.

## ISSUES

On appeal, Richard raises three assignments of error. She argues that the trial court erred in finding that her due process rights were not violated and that the School Board substantially complied with the Teacher Tenure Law despite the trial court's finding that the School Board failed to comply with La.R.S. 17:443. She

2

further argues that the trial court erred in reaching the merits of this matter in determining whether the School Board substantially complied with the Teacher Tenure Law.

## TEACHER TENURE LAW

The Teacher Tenure Law was discussed by the supreme court in *Spears v. Beauregard Parish School Board*, 02-2870, pp. 3-4 (La. 6/27/03), 848 So.2d 540, 543 (footnote omitted):

> "The Teacher Tenure Law ("TTL"), originally enacted by Act 100 of 1922 and amended and reenacted by Acts 58 and 79 of 1936, defines the status of Louisiana's public school teachers and outlines the procedures a school board must follow to discharge them." *Wright v. Caldwell Parish School Bd.*, 98-1225 (La.3/2/99), 733 So.2d 1174, 1175 (citing *Rousselle v. Plaquemines Parish School Bd.*, 93-1916 (La.2/28/94), 633 So.2d 1235, 1241 and other related cases). Under the TTL, permanent teachers are entitled to strict substantive and procedural protections before they can be removed from office, including specific enumerated grounds for discharge, a hearing by the school board prior to discharge, and judicial review of the school board action. *Id.* For purposes of the TTL, a "teacher" is an employee of the parish school board, including a principal, who holds a teacher's certificate and whose legal employment requires such certificate. *Rousselle, supra*.

Louisiana Revises Statutes 17:443(A) provides the procedure to be followed in the removal of a tenured teacher:

> A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of

3

individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher. Nothing herein shall impair the right of appeal to a court of competent jurisdiction.

The role of the district and appellate courts is that of a reviewing court. Judicial review of a school board's decision in tenure proceedings is limited to a determination of whether the school board complied with the procedural requirements of La.R.S. 17:443 and whether its findings were supported by substantial evidence. *Howell v. Winn Parish Sch. Bd.*, 332 So.2d 822 (La.1976). The provisions of the Teacher Tenure Law are to be construed liberally in favor of the teacher. *Rousselle v. Plaquemines Parish Sch. Bd.*, 93-1916 (La. 2/28/94), 633 So.2d 1235.

### COMPLIANCE WITH LA.R.S. 17:433

In her first two assignments of error, Richard argues that the trial court erred in finding that her due process rights were not violated and that the School Board substantially complied with the Teacher Tenure Law with regards to her removal hearing. We agree.

Louisiana Revised Statutes 17:443(A) specifically requires that the superintendent, with the approval of the school board, provide the teacher with a copy of the written charges against him/her, which are to be complete and detailed including the date and place of each alleged offense(s), the names of persons involved or who witnessed the offense(s), the names of the witnesses who are to testify, and whether the teacher has previously been charged with the same offense(s). The

4

teacher must receive at least twenty days notice of the hearing.

The November 22, 2005 letter from Dr. Easton to Richard provided:

On November 8, 2005, you were issued an official letter of reprimand for issues that were revealed during the investigation of allegations of misconduct. The investigation revealed the following misconduct on your part: hitting a child with a ruler, force feeding students in the cafeteria, pushing up against a student in time out, and improper use of CPI.

A thorough investigation, led by Mr. Lovelace Langlinais, Human Resource Generalist, and involving Ms. Christine Duay, Principal, Live Oak Elementary School, and Ms. Nancy Cech, Area Director, revealed that the above allegations were in fact true.

Lafayette Parish School System Policy File JDS states, "The Lafayette Parish School Board does not authorize or condone the use of corporal punishment as a means of maintaining order in the schools." The Lafayette Parish School System is mandated by law to investigate allegations of misconduct directed at its employees. This mandate, in part is reflected by La.R.S. 17:81.6 as well as The Lafayette Parish School System Policy File GAEB.

In the CPI training book it states, "Physical restraint is recommended only when all less restrictive methods of intervening have been exhausted, and when the individual presents a danger to self or others." Any time a CPI hold is used on a student, you are required to complete a CPI Incident Report which requires the signature of your principal; Ms. Duay has not received any CPI Incident Report from you.

Due to your violation of policies regarding corporal punishment and CPI, Mr. Langlinais is recommending your termination and Ms. Ramona Bernard, Director, Human Resources, is supporting his decision. Your behavior is unacceptable; it is contrary to our mandate to provide a safe environment for students, faculty, and staff at all schools.

I am sending this letter to advise you that I concur with their recommendation, and I shall present my recommendation to the Lafayette Parish School Board at its regular meeting on December 7, 2005, to terminate your employment with the Lafayette Parish School System. At any time prior to that date, you may resign your employment with the Lafayette Parish School System should you wish to do so. Your action is considered to be a violation of the Teacher Tenure Act, R.S. 17:443, and the actions amount to willful neglect of duty or incompetence. If you would like to schedule a tenure hearing you must

5

contact my Executive Secretary, Melva Perry, . . . . If you have any further questions in this matter, I refer you to Mr. Lovelace Langlinais, Human Resource Generalist, who can be reached at . . . .

A perusal of this letter quickly leads to the conclusion that the School Board failed to comply with the procedural requirements set out in La.R.S. 17:443(A) for the removal of a tenured teacher. Although Dr. Easton's letter lists the offenses Richard is accuses of, it fails in all other respects as it fails to state that it is sent with the approval of the School Board; it fails to list the date and place of the alleged offenses; it fails to list the names of any persons involved in or a witness to the events, and it fails to list the names of any persons to be called as witnesses against her.

Although the allegations alleged against Richard are serious and the School Board was presented with substantial evidence pertaining to those allegations, we are constrained from reaching the merits of this matter. Our first task as a reviewing court is to determine whether the School Board complied procedurally with La.R.S. 17:443. Construing that statute liberally in favor of Richard, we find that it failed to do so. Thus, the School Boards' finding must be reversed and the matter remanded to the School Board for further proceedings in compliance with La.R.S. 17:443(A). To hold otherwise would be a violation of Richard's constitutional and statutorily conferred rights of due process.

**CONCLUSION**

For the foregoing reasons, the decision of the Lafayette Parish School Board is reversed and the matter is remanded to it for further proceedings. The costs of this appeal, $1,182.75, are assessed to the defendant, appellee, the Lafayette Parish

6

School Board.

**REVERSED AND REMANDED.**