593 So.2d 400 (1991)
Kenneth HARGIS
v.
LAFOURCHE PARISH SCHOOL BOARD, Arden Rogers, Superintendent.
No. 90 CA 1893.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Kenneth Hargis, in pro. per.
Henri Wolbrette, III, Margaret Diamond, New Orleans, for defendant-appellee LaFourche Parish School Bd.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
The plaintiff, Kenneth Hargis, was demoted to classroom teacher from his tenured position as assistant principal at Lockport Junior High School. The Lafourche Parish School Board demoted him on the grounds of incompetence and willful neglect of duty. Mr. Hargis appealed to the Seventeenth Judicial District Court, which affirmed the action of the School Board. From this judgment Mr. Hargis appeals, advancing two assignments of error. We affirm.

FACTS
Mr. Hargis served as assistant principal of Lockport Junior High School from 1968 until 1986. On July 2, 1986, the School Board, upon recommendation of the superintendent, demoted Mr. Hargis from his position of assistant principal to that of a classroom teacher with concomitant pay. The demotion was voted on after notice and an informal hearing before an appointed panel of three school board employees.[1] A *401 tenure hearing was held on November 10 and 12, 1987.[2] Although 13 charges[3] were filed against Mr. Hargis, he was found guilty of only seven of the charges: five charges of incompetence and two charges of willful neglect of duty.
Mr. Hargis petitioned the district court for review, seeking reinstatement with back pay, damages, attorney fees, and costs. LSA-R.S. 17:443(B). The case was submitted on the transcript of the tenure hearing and the oral argument by counsel.
In a well reasoned decision the trial court determined that the evidence supported the School Board's findings on all seven charges. However, the court properly recognized that although the charges of incompetency were supported by the evidence, the school board improperly considered the charges because the school board had failed to remediate Mr. Hargis on these charges in compliance with LSA-R.S. 17:391.5.[4] The court went on to conclude that the findings of willful neglect, even absent the charges of incompetency, were sufficient to warrant demotion.
On appeal Mr. Hargis contends that the trial court erred in finding that the two charges of willful neglect of duty were proven by substantial evidence, and that if they were proven, the trial court erred in finding that only two charges established a rational basis for the action taken by the Board against Mr. Hargis.
Mr. Hargis was found guilty of two charges of willful neglect. First, he willfully neglected his duty to report timely for work on 27 occasions between September 14, 1984, and February 28, 1986. His tardiness caused classes to be unattended because he was not timely arranging for substitutes for absent teachers, and caused the Principal to be called away from his normal duties in order to attend to the problems created. When he was late, Mr. Hargis also failed to attend to students' early-checkout requests. The second charge was that he was insubordinate by deliberately ignoring his principal's directive to all faculty not to leave the school grounds during the day without his permission.
The trial court found that the charges of willful neglect were supported by substantial evidence and were sufficient as a matter of law to support the actions of the School Board. The court's oral reasons are as follows:
Dr. Breaux [the principal] testified that Hargis was supposed to report for work at 8:00 o'clock a.m.[5] The documentary evidence dealing with Mr. Hargis' job description bears out Dr. Breaux's testimony. Dr. Breaux testified that Mr. Hargis was repeatedly tardy, that Mr. Hargis' tardiness caused problems in the *402 school, that he frequently reprimanded Mr. Hargis for tardiness, and that Mr. Hargis responded to his reprimands with statements such as "We Hargises are always late." ...
Mr. Hargis ... admitted at the hearing that he sometimes arrived at school after 8:00 o'clock a.m., and he also admitted... that Dr. Breaux had spoken with him about his tardiness....
With respect to charge 18, that Mr. Hargis was insubordinate by deliberately ignoring his Principal's directive to all faculty not to leave the school grounds during the day without his permission, Mr. Hargis was charged with such insubordination on five occasions between October 7, 1980 and October 16, 1985.
Dr. Breaux testified that Mr. Hargis frequently left campus without his permission, that he reminded Mr. Hargis that he was not to leave campus without permission, and that on at least one occasion, October 7, 1980, Mr. Hargis left campus without permission leaving a class unsupervised. Dr. Breaux testified that on that occasion Mr. Hargis told him that he forgot about the rule....
Larry Dufresne, a teacher called by Mr. Hargis as a witness, acknowledged that teachers were not permitted to leave campus without informing the school administration....
Mr. Hargis admitted at the hearing that he left school on occasion, sometimes to attend to his brother who was ill, and other times to attend to personal business, such as tree trimming and the pouring of a slab....
The Court is of the opinion that the charges were substantially supported by evidence. Whether or not the Court would have reached the same conclusions as the School Board is immaterial. Rational persons hearing the evidence, judging the credibility of the witnesses, weighing the testimony and other evidence, could well have reached the conclusion reached by the majority of the School Board members as to the charges on which Mr. Hargis was found guilty.
To sum it up, whether Mr. Hargis was properly remediated has application only to those charges that are properly classified as charges of incompetency. Remediation has no bearing on the charges of willful neglect of duty. Mr. Hargis was found guilty of willful neglect of duty as well as incompetency, and this finding by the School Board, which is supported by substantial evidence, is sufficient in and of itself to justify as a matter of law the School Board's decision to demote Mr. Hargis to the position of a classroom teacher with concomitant pay.
The standard of review of a school board's action is whether there was a rational basis for the board's determinations supported by evidence which was substantial under the individual circumstances of the case and sufficient to preclude arbitrariness and abuse of discretion. The reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board's bona fide exercise of discretion. Howell v. Winn Parish School Board, 332 So.2d 822, 825 (La.1976); Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462, 466 (1959). The court's inquiry is, therefore, limited to a determination of whether the action of the school board was "(1) in accordance with the authority and formalities of the Louisiana Teachers Tenure Act, and (2) supported by substantial evidence, or conversely, an arbitrary decision and thus an abuse of discretion." Howell, 332 So.2d at 825.
We have thoroughly reviewed the record in this matter and find no error in the trial court's determination that the charges of willful neglect are supported by the evidence. Furthermore, we find no error in the trial court's determination that the charges of willful neglect, standing alone, were sufficient to support the action taken by the board.
As the trial court pointed out in its oral reasons, Mr. Hargis was repeatedly told by Dr. Breaux that his tardiness and his leaving the campus without permission were against school policy and caused disruption. Furthermore, Dr. Breaux testified that Mr. Hargis had many early morning responsibilities which required his presence in order for the school day to begin smoothly. Mr. Hargis' continued disregard of his superior's *403 orders amounted to blatant insubordination and presented a totally unacceptable situation which undermined Dr. Breaux's authority and disrupted the school environment. Under the circumstances we find no error in the trial court's determination that the school board did not abuse its discretion in demoting Mr. Hargis.
Although the Board demoted Mr. Hargis based upon five charges of incompetence and two charges of willful neglect, the Board's error in considering the charges of incompetence was immaterial as LSA-R.S. 17:443[6] provides that a permanent teacher can be removed from office upon written and signed charges of willful neglect of duty alone. Accordingly, we believe that a remand for reconsideration by the school board is inappropriate in this case. See Simon v. Jefferson Davis Parish School Board, 289 So.2d 511 (La.App. 3d Cir.), writ denied, 293 So.2d 178 (La.1974); Johns v. Jefferson Davis Parish School Board, 154 So.2d 581 (La.App. 3d Cir.1963).
For the reasons set forth we affirm the judgment of the trial court. All costs to be paid by the appellant, Mr. Hargis.
AFFIRMED.
NOTES
[1] The appointed committee met with Mr. Hargis for over six hours giving Mr. Hargis an opportunity to address each charge which was filed against him. After the hearing the committee recommended that Mr. Hargis be formally reprimanded and given an opportunity to correct the complained of behavior. The committee believed that the school board had failed to remediate Mr. Hargis in accordance with LSA-R.S. 17:391.5. The superintendent of schools, Mr. Easton Pitre, did not agree with the committee's recommendation and recommended that Mr. Hargis be demoted to classroom teacher.
[2] The record does not reveal why a tenure hearing was not conducted prior to Mr. Hargis' demotion. However, we do not address the propriety of the failure to conduct a hearing before the demotion as this issue is not before us on appeal.
[3] Originally, the Board, through the superintendent of schools, filed 26 charges against Mr. Hargis. The charges were later reduced to 18, and on the eve of the hearing the Board further reduced the charges to 13.
[4] LAS-R.S. 17:391.5 provides that:

In the event an employee is considered not performing his duties in a satisfactory manner then the employing authority shall notify the employee in writing of such determination and describe such nonperformance. The employing authority shall thereafter confer with the employee making specific recommendations as to areas of considered unsatisfactory performance of the employee and to assist him to correct such considered deficiencies within a prescribed period of time. Assistance may include but not be limited to in-service training programs or such other appropriate programs.
Although the trial court determined that the Board failed to comply with the remediation provisions of LSA-R.S. 17:391.5, the court recognized that with respect to several of the charges, the Board had attempted remediation in a less formal manner on several occasions between 1980 and the time of the hearing.
[5] The record reflects that Mr. Hargis' job description requires him to be at school prior to 8:00 a.m.
[6] LSA-R.S. 17:443 provides in pertinent part

A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing....