JOSEPH E. COREIL, Judge Pro Tem.
This is a suit for declaratory judgment[1] and injunctive relief by Janice O. Rochon wherein she seeks to prevent the defendant, Iberia Parish School Board, from proceeding with her discharge as a school bus driver. Rochon seeks to have the statute relied upon by the School Board for her discharge declared unconstitutional. The trial court found the statute constitutional and denied plaintiff injunctive relief. This appeal followed. We affirm.
*809 FACTS
Janice 0. Rochon, appellant, is a tenured bus driver employed by the Iberia Parish School Board (School Board). The School Board issued a letter to appellant informing her that a School Board tenure hearing would be held to consider the superintendent’s recommendation of her dismissal for the theft of funds belonging to the Peebles Elementary School Parent-Teacher Organization in the amount of $5,138.52. Appellant had served as that organization’s secretary, in charge of the monies collected through fund raisers.
In response, appellant brought this action against the School Board and its superintendent, asking the trial court to enjoin the School Board, its agents, and employees from proceeding with the removal hearing. The School Board joined in appellant’s request that the injunction be issued until such time as the court entered a declaratory judgment recognizing that theft is not a ground upon which a removal proceeding may be based under La.R.S. 17:493, and alternatively, that the statute is unconstitutional as written and/or unconstitutional in its application to the appellant.
The trial court issued a restraining order to the School Board prohibiting any further proceedings in the matter until further ordered. The court below then received comprehensive written arguments from attorneys for the parties and ruled that La.R.S. 17:493(A) is constitutional as written and as applied to the facts of the case. The trial court further vacated the prior injunction order.
The trial court provided this Court with its thorough, well-written reasons for judgment. After a careful review, we affirm, finding that the trial court applied the correct legal principles to the issue presented. Accordingly, we adopt its reasons for judgment as our own and append them to this opinion.
Costs of this appeal are assessed to Janice 0. Rochon.
AFFIRMED.
REASONS FOR JUDGMENT
On December 6, 1990, Janice Rochon filed this suit for a temporary restraining order, preliminary injunction, permanent injunction, and declaratory judgment.
Mrs. Rochon brought this suit after being informed that a recommendation had been made that she be removed from office for allegedly committing a theft of funds belonging to a parent-teacher organization. She claims that as a tenured school bus driver, she can only be discharged upon those grounds enumerated in R.S. 17:493. The defendant, Iberia Parish School Board, claims that theft' of funds belonging to a parent-teacher organization amounts to an immoral act and would, therefore, fall under R.S. 17:493 as a reason for dismissal of a tenured school bus driver.
On December 13, 1990, this Court issued a restraining order to the Iberia Parish School Board prohibiting any further proceedings in this matter until further ordered by the Court. This Court then received comprehensive written arguments from attorneys for both the plaintiff and the defendant.
Mrs. Rochon argues that an act of theft lacks the moral turpitude to make it an act of immorality. Immoral is defined in Black’s Law Dictionary, 5th Edition, as “Contrary to good morals: inconsistent with the rules and principles of morality; inimical to public welfare according to the standards of a given community, as expressed in law or otherwise.”
This Court recognizes that a community has standards assigning immorality to the act of theft.
Moses, in his sermon on the mount, established ten commandments that has served the Judeo-Christian community for thousands of years. One of the commandments is “Thou shalt not steal.” Stealing and theft are synonymous and are criminal acts. For example, Moses castigates in these same ten commandments that “Thou shalt not commit adultery,” which is an immoral act, yet to thus sin one does not commit a criminal act. (See the Owens case, infra). Au contrare, to run a stop sign in a vehicle one commits a criminal act, but it is not immoral to do so. So, this *810 Court holds that theft (especially of these funds) is an immoral act.
The plaintiff argues that the term “immorality” as used in R.S. 17:493(A) is unconstitutionally vague, indefinite, and uncertain because the statute fails to define what is “immoral.” In arguing this, the plaintiff alluded to a Third Circuit case testing the constitutionality of R.S. 33:2560 concerning a police officer. In that case, Owens v. City of Jennings Municipal Fire and Police Civil Service Board, 454 So.2d 426 (3 Civ.1984), a Civil Service policewoman was dismissed on the grounds of immoral conduct. The immoral conduct amounted to the policewoman giving birth to a second illegitimate child while she was employed by the police force. The Court in Owens found that this set of factual circumstances did not amount to immorality and, therefore, was an arbitrary determination. Owens is distinguishable from this case in that the facts in Owens did not demonstrate a governmental importance and objective served by the challenged definition of “immoral,” nor a substantial relationship between the discriminatory means and the asserted end.
In the present case there is a governmental importance and objective. The school board has a vested interest in ensuring that all of its employees who come in direct and daily contact with children are people of good moral character and influence. Also, in this case there is a substantial relationship between the way the statute is exercised and the resultant influence upon the children within the authority of the Board.
Furthermore, the basis of the charge against the police officer in the Owens case was an invidious discrimination as to unwed mothers. No crime was committed. Officer Owens was being penalized for being pregnant, a man could not be penalized for being in a similar state. The Owens case was correct under those facts, but is not analogous with the facts of this case. The basis for the immorality charge against Mrs. Rochon lacks gender bias. That basis was theft, which is defined in R.S. 14:67 as:
The misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of $500 or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than $3000, or both....
This statute is applicable to the defined act committed by either sex. It is a felony which is contrary to “moral” behavior in any community, punishable by up to ten years in the State penitentiary.
After careful review of all arguments submitted, this Court concludes that the conduct of a school bus driver stealing from a parent-teacher organization amounts to an immoral act. Therefore, the letter of November 8, 1990 providing Mrs. Rochon with written notice of charges against her and calling for a removal hearing is not in violation of R.S. 17:493(A).
This Court further finds that R.S. 17:493 is constitutional as written and as applied to the facts in this case.
The prior orders of the Court restraining the defendant from proceeding against the plaintiff are now vacated.

. La.C.C.P. arts. 1871, et seq.