615 So.2d 979 (1993)
Hayward WEST, Plaintiff-Appellant,
v.
TANGIPAHOA PARISH SCHOOL BOARD, Defendant-Appellee.
No. CA 92 0026.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
Writ Denied May 7, 1993.
*980 Raymond L. Simmons, Baton Rouge, for plaintiff-appellant.
David A. Hamilton, Baton Rouge, for defendant-appellee.
Before WATKINS, CRAIN and GONZALES, JJ.
GONZALES, Judge.
This case involves the appeal of a teacher dismissed from his position at Ponchatoula High School on charges of incompetency arising out of the showing of two "R" rated films to high school students. Mr. West was dismissed by the Tangipahoa Parish School Board in a tenure hearing, with a five to four vote of the members. Thereafter, Mr. West sought review of the school board decision in the district court, with that court upholding his dismissal. Mr. West has appealed and makes the following assignments of error:
Number One:
The trial judge erred in affirming the ruling of the school board.
Number Two:
The trial judge erred in finding that the school board had a rational basis for terminating Mr. West based on the substantial evidence in this case.
Number Three:
The trial judge erred in not finding that the school board acted arbitrarily and abused its discretion in its decision to terminate Mr. West.
Number Four:
Neither the school board, nor the trial judge, conducted this ma[tt]er within the scope and spirit as contemplated by the Louisiana Tenure Teacher [sic] Act; that is the proceedings were never liberally construed in favor of the tenured teacher.
Number Five:
It was clearly erroneous to find that termination of a tenured teacher was warranted where the teacher had worked in the same school for over 14 years without incident; had received numerus [sic] accolades in his positions as teacher; had never had his competency questioned in the slightest manner; had, on occasion, used his own money to buy equipment for the school's use; and had, arguably, used poor judgment in an isolated incident, but who had, even in that incident, fully complied with the rules and regulations of the school.
Hayward West was employed as a social studies teacher by the Tangipahoa Parish School Board for approximately fourteen years, with a good teaching record, and with approximately eight years as head of the social studies department. In the fall of 1987, Mr. West showed the films "Quest for Fire" and "Witchboard" to his World Geography and World History classes, which were composed of students ranging in age from fifteen to seventeen. The movie, "Quest for Fire", portrayed prehistoric man's need for fire as a survival tool and man's endeavor to master its elusive nature. The film contained some nudity, violence and several procreative encounters. *981 The movie, "Witchboard", depicted horrifying experiences which befell a novice ouija board player who attempted to communicate with spirits of the deceased. This film contained profanity, violence and a scene showing frontal nudity of a woman.
Mr. West contends "Quest for Fire" fit in with the topic in class at that time involving ancient Chinese culture, and that it was disclosed on his lesson plan which was submitted to the school principal. Mr. West also contends that the film, "Witchboard", was pertinent to topics raised by the students concerning the occult during the week preceding Halloween. Though Mr. West admits the topic of Halloween was something of a deviation from his regular lesson plan, it was his teaching technique to insert a "mini-lesson" around the time of a holiday. Mr. West testified that he believed "Witchboard" helped illustrate to his classes that delving into the occult has negative consequences, and that the subject matter of the film helped him teach his classes about the history or origin of Halloween which began with devil worshippers.
The principal of the Ponchatoula High School, Mr. Bodker, testified that he received calls from several community members complaining about the showing of these films. Mr. Bodker testified that the films were irrelevant to the material being covered in Mr. West's classes at the time they were shown, and that considering the controversial portions of the films, they were inappropriate for use in the public school setting. Further, Mr. Bodker pointed out a lack of compliance by Mr. West with the Tangipahoa Parish "Instructional Materials Rules for Effective Use of Classroom Media", which provide: "Should the teacher have any doubt as to its [audiovisual material] suitability, the principal and/or media committee should be consulted."
The Louisiana Teacher Tenure Act provision governing removal of a school teacher is contained in La.R.S. 17:443, which reads in pertinent part as follows:
A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher....
The standard of judicial review of a school board's action is whether there is a rational basis for the board's determination supported by substantial evidence insofar as factually required; the reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board's bona fide exercise of discretion. Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976). If the action taken by the school board is arbitrary, capricious or an abuse of discretion, it should be reversed. Mims v. West Baton Rouge Parish School Board, 315 So.2d 349 (La.App. 1st Cir.1975). See also Howell v. Winn Parish School Board, 332 So.2d at 825. A reviewing court must be mindful that the Louisiana Teacher Tenure Act is designed to protect the job security of teachers and the statute should, therefore, be liberally construed in favor of the class of persons intended to be its primary beneficiaries, the tenured employees. Howell v. Winn Parish School Board, 332 So.2d at 827.
Incompetency is defined by Black's Law Dictionary 688 (5th ed. 1979) as follows:
Incompetency. Lack of ability, legal qualification, or fitness to discharge the required duty. A relative term which may be employed as meaning disqualification, inability or incapacity and it can refer to lack of legal qualifications or fitness to discharge the required duty and to show want of physical or intellectual or moral fitness.... [Citations omitted.]
The jurisprudence is limited on the issue of incompetency for purposes of the Louisiana Teacher Tenure Act. In Mims v. West Baton Rouge Parish School Board, 315 So.2d at 349, the dismissal of a teacher on *982 the basis of incompetence was upheld on proof of the following problems with her teaching performance: failing to timely report her absences from duty, leaving her class unattended, neglecting to follow instructions and rules regarding record keeping, failing to maintain test papers in the classroom, failing to turn in a daily lunch count, failing to report and pay for her own meals, failing to maintain discipline in her classes, declining to institute suggested procedures and policies, failing to properly plan class lessons to accommodate the requirements of various students, failing to recognize and provide for the difference in ages and learning abilities, failing to stress the importance of individual responsibility in the care and use of school property, and displaying a negative attitude in the teaching and instruction of educable mentally retarded children. In Landry v. Ascension Parish School Board, 415 So.2d 473 (La. App. 1st Cir.), writ denied, 420 So.2d 448 (La.1982), the trial court reversed the dismissal of a teacher on a finding of incompetency. In that case, the teacher was "accosted" by a student in the boys' restroom area and an argument ensued. Landry v. Ascension Parish School Board, 415 So.2d at 474. A scuffle took place which spilled out into the hallway and was broken up by the school principal. The student wrapped his belt around his fist, threatened the teacher and then apparently left the campus. Later the student reappeared, armed with a 2 X 4 piece of wood, approximately 30 inches in length, and physically attacked the teacher. The teacher broke free and ran into the parking lot with the student in pursuit, swinging his board. The teacher then retrieved a pistol from his vehicle and stood by his vehicle with the pistol at his side; the student retreated when he saw the pistol. The appellate court in Landry found the action of the school board unreasonable and arbitrary since the teacher was involved in an isolated incident and defended himself in a reasonable manner in view of the circumstances. 415 So.2d at 478.
While the facts presented to the school board would support a finding that Mr. West is incompetent to select appropriate films for viewing by students, there was no showing made that his performance as a school teacher was otherwise deficient. In fact, the testimony presented supported a finding that Mr. West has, with the exception of the incidents complained of, an excellent teaching record. Under these circumstances, we believe the dismissal of Mr. West was an abuse of discretion. Certainly, Mr. West should have been disciplined in some manner for subjecting his students to the nudity, vulgarity, violence and explicit scenes displayed in the two films shown; however, in light of his otherwise unblemished teaching record, dismissal was too harsh a remedy.
Although we are setting aside the initial determination of the school board, we do not think it is within the competence of the court to determine what other disciplinary action, if any, should be taken in the instant case. These proceedings will therefore be remanded to the district court, with directions to it to remand this matter to the parish school board in order that the school board might take such disciplinary action, if any, consistent with the views expressed herein, subject to further judicial review in these same proceedings, if any is sought, of the eventual final action of the school board. Johns v. Jefferson David Parish School Board, 154 So.2d 581, 588 (La.App. 3d Cir.1963), compare Hargis v. Lafourche Parish School Bd., 593 So.2d 400 (La.App. 1st Cir.1991).
REVERSED AND REMANDED.