670 So.2d 351 (1996)
Henrietta WILLIAMS, Plaintiff-Appellant,
v.
CONCORDIA PARISH SCHOOL BOARD, Defendant-Appellee.
No. 95-980.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
Writ Denied April 19, 1996.
*352 Brian D. Cespiva, Alexandria, for Henrietta Williams.
Robert Lloyd Hammonds, Baton Rouge, for Concordia Parish School Board.
Before DOUCET, C.J., and KNOLL and DECUIR, JJ.
DECUIR, Judge.
This is an appeal by Henrietta Williams from the judgment of the district judge affirming the Concordia Parish School Board's dismissal of Ms. Williams as a tenured teacher in the Concordia Parish Public School System. Ms. Williams contends that the trial court erred in affirming the School Board's action where the School Board failed to comply with the provisions of the Public School Accountability and Assessment Law, La.R.S. 17:391.1, et seq. in that no remediation was offered to Ms. Williams prior to her being charged with incompetence in accordance with La.R.S. 17:391.5(C).[1] Ms. Williams also contends that the trial court erred in finding that material read to her students amounted to a willful neglect of duty; in finding that the School Board's decision was supported by substantial evidence and, therefore, founded *353 on a rational basis; and in failing to modify the penalty of dismissal rendered by the School Board.
Ms. Williams was employed with the Concordia Parish Public School System since 1974. She was charged by letter dated August 20, 1991, of willful neglect of duty and/or incompetence for reading to her seventh grade students at Vidalia Junior High School on May 22, 1991, certain material alleged to be sexually suggestive and inappropriate and for using inappropriate or vulgar language in the classroom during the course of the school year. The School Board alleges that Ms. Williams used such terms as "smart asses" and "goddamn" during the school year in the presence of her students. The material read to Ms. Williams' students is as follows:
I have been watching you all day. You have got something I have been wanting for a long time. I want some of it so bad. I haven't had any in a couple of days. Please let me have some. I can see the print of it through your pants. I can see it perfect, I can tell its not fake, it is real. I can just taste it. m.m.m.m. it tastes so good, I haven't had any of your kind yet, but I will get some soon, maybe even today or tonight. I bet it is so good and juicy. Oh oh I just love the juice, I like to just eat it a while, then I let the juice run down my mouth. So please, please, please can I have a piece of bubble gum?
LAW
The applicable standard of judicial review of a teacher tenure hearing is whether the hearing was conducted in accordance with the authority and formalities of the Louisiana Teachers' Tenure Act and whether it is supported by substantial evidence, or is conversely, an arbitrary decision and thus an abuse of discretion. This court must not substitute its judgment for the judgment of the School Board nor interfere with the Board's bona fide exercise of discretion. The reviewing court is to grant great deference to the School Board's conclusion and resulting sanction, if any. Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976); Roberts v. Rapides Parish School Board, 617 So.2d 187 (La.App. 3 Cir.), writ denied, 619 So.2d 1068 (La.1993); Spurger v. Rapides Parish School Board, 628 So.2d 1317 (La. App. 3 Cir.1993), writ denied 634 So.2d 397 (La.1994).

DISCUSSION
We find Ms. Williams' contention that the School Board did not comply with the provisions of La.R.S. 17:391.5(C) in that it failed to offer remediation prior to her being charged with incompetence to be without merit. La.R.S. 17:391.5(C) provides:
In the event an employee is considered not performing his duties in a satisfactory manner then the employing authority shall notify the employee in writing of such determination and describe such nonperformance. The employing authority shall thereafter confer with the employee making specific recommendations as to areas of considered unsatisfactory performance of the employee and to assist him to correct such considered deficiencies within a prescribed period of time. Assistance may include but not be limited to in-service training programs or such other appropriate programs.
We note that Ms. Williams was charged and found guilty of incompetence and willful neglect of duty and was terminated on both grounds. The School Board is not required to comply with remediation procedures when it seeks to dismiss a teacher who is alleged to be willfully neglectful of his or her duties, and the fact that one of the two separate offenses charged was procedurally defective does not nullify the result of the proceedings. Spurger, 628 So.2d 1317.
Ms. Williams next contends that the trial court erred in finding that her reading of the above material and use of profanity amounted to a willful neglect of duty. Appellant argues that there is no "neglect" inherent in either of the charges brought against her. We disagree. In fact, an argument can be made that appellant's actions are better characterized as willful neglect of duty than as incompetence. Educators have a duty not to subject children to sexually suggestive material and profanity. Furthermore, as stated by this court in Rochon v. Iberia *354 Parish School Board, 601 So.2d 808 (La.App. 3 Cir.), writ denied 605 So.2d 1128 (La.1992), the School Board has a vested interest in ensuring that its employees who come in direct and daily contact with children are people of good moral character and influence. Ms. Williams clearly derogated from her responsibilities as a teacher by her actions in using profanity and reading the above stated sexually suggestive material to her students.
By her third assignment of error, Ms. Williams contends that the trial court erred in finding that the Board's decision was supported by substantial evidence and, therefore, founded on a rational basis. Appellant argues that the Board's decision was arbitrary and capricious and based in part on written statements containing other allegations not pertinent to the charges at issue.
Ms. Williams does not dispute that she read the above stated narrative to her students. Several of Ms. Williams' students testified she read the material to the class, and they found the material to be sexually suggestive. Furthermore, Tommy Lanius, coach and classroom teacher, and Ross Dyer, assistant principal, both testified they heard the material read to the class by appellant and both felt the material was inappropriate for seventh graders. Additionally, expert testimony presented by both parties supports the Board's findings. Dr. John L. Eubanks, school psychologist called by appellant, described the material as creative writing admitting that the material contains sexual overtones and stating the intent of the writer is to have the reader reach the incorrect conclusion. "It's intended to deceive." Dr. Allen Williams, Head of Speech and Theatre at Grambling State University, was also called by appellant. He testified that one can read sexual overtones in the material, depending on one's frame of mind. He admitted that he "can see sexual overtones" in the material.
Appellant apparently argues that since the material is an excellent example of the topic being studied by her classes, "three secrets of good storytelling", and since its meaning is subjective, it is not inappropriate for her seventh grade students. This argument is fallacious. Clearly, alternate material exists to instruct students as to the "three secrets of storytelling".
Appellant's argument that the Board's decision was based in part on "written" statements containing other allegations not pertinent to the charges is unclear, but apparently relates to the charge that Ms. Williams used profanity in the presence of her students. The Board's decision that Ms. Williams was guilty of this charge is supported by the record evidence. Several of appellant's students testified as to her use of the words "shit," "goddamn," and "smartass" in the classroom.
We conclude from the record that a rational basis supported by substantial evidence existed for the School Board's determination.
Finally, appellant argues that the penalty of dismissal is excessive, cruel and unusual under the circumstances of this case. This court must grant great deference to the Board's decision and resulting sanction. Howell, 332 So.2d 822. We find from our review of the record that Ms. Williams' dismissal was not arbitrary and did not constitute an abuse of the School Board's discretion.
The decision of the Board and the district court is affirmed.
Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] La.R.S. 17:391.5 has since been repealed effective June 22, 1994.