QGUIDRY, J.
Appellant, James Howard, appeals the judgment of the district court upholding the decision of the West Baton Rouge Parish School Board to terminate his employment for willful neglect of duty. Based on the following review, we affirm.
FACTS AND PROCEDURAL HISTORY
In 1996, appellant was employed as a vocational education instructor at the Vocational Skills Center located on the campus of Port Allen High School. On Friday, October 4, 1996, appellant drove his wife’s car, a 1991 Nissan Sentra, to work. After leaving work that afternoon, he discovered that a .38 caliber Smith and Wesson handgun, usually stored by his wife in a compartment located on the driver’s side door of the vehicle, was missing. After talking with his wife and searching for the gun at his home, appellant concluded that the gun had been-stolen.
On Monday, October 7, 1996, appellant informed his supervisor, Alfred Johnson, director of the Vocational Skills Center, that the gun was stolen from his vehicle while parked on campus. The two later met with Paul Fouquier, director of instructor support services of the West Baton Rouge Parish School System, who instructed appellant to file a report on the stolen gun with the sheriffs department. The next day, appellant met with Beverly Triche, superintendent of the West Baton Rouge Parish School System, concerning the incident. Following that meeting, appellant was placed on suspension, with pay, pending the superintendent’s review of the evidence and recommendation.
On February 5, 1997, appellant was given written notice that he was being charged with willful neglect of duty based on reports made by him to school officials and the local sheriffs department concerning the loss of thejjfirearm. Subsequently, on March 5, 1997, a hearing was conducted before the West Baton Rouge Parish School Board, at which time the school board unanimously voted to terminate the employment of appellant for willful neglect of duty. Appellant appealed the school board’s decision to the Eighteenth Judicial District Court, which affirmed the decision by way of a judgment rendered June 17, 1998. This appeal followed.
ASSIGNMENTS OF ERROR
On appeal, appellant argues the trial court erred in the judgment rendered in the following respects:
A. The trial court erred in not following the law regarding termination of tenured teachers.
B. The trial court erred in not following Louisiana law by failing to perceive the lack of proof or evidence offered by the West Baton Rouge Parish School Board.
C. The trial court erred in not following Louisiana law regarding possession of firearms.
D. The trial court erred in failing to recognize that the West Baton Rouge Parish School Board hearing before termination was not “fair and impartial” as required by Louisiana tenure laws.
E. The trial court erred in failing to provide written reasons despite an [ojrder to do so.
STANDARD OF REVIEW
The standard of judicial review of a school board’s action is whether there is a *443 rational basis for the board’s determination supported by substantial evidence insofar as factually required; the reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board’s bona fide exercise of discretion. West v. Tangipahoa Parish School Board, 615 So.2d 979, 981 (La.App. 1st Cir.), writ denied, 618 So.2d 414 (La.1993).
The reviewing court is to grant great deference to the school board’s conclusions and decision. Williams v. Concordia Parish School Board, 95-980, p. 2 (La.App. 3rd Cir.1/31/96), 670 So.2d 351, 353, writ denied, 96-0556 (La.4/19/96), 671 So.2d 921. Therefore, this court should affirm the board’s decision in the absence of an abuse of discretion or an arbitrary decision. Sylvester v. Cancienne, 95-0789, p. 2 (La.App. 1st Cir.11/9/95), 664 So.2d 1259, 1261, writ not considered, 95-3128 (La.1/26/96), 666 So.2d 663.
DISCUSSION
In reviewing appellant’s brief, we observe that the last two assignments of error were not briefed. Assignments of error which have not been briefed may be considered abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4. Therefore we will not consider the issues raised by these assignments. Theriot v. Bourg, 96-0466, p. 17 (La.App. 1st Cir.2/14/97), 691 So.2d 213, 225, writ denied, 97-1151 (La.6/30/97), 696 So.2d 1008.
Generally, judicial review of a school board’s decision following a tenure hearing must consider (1) whether the hearing was conducted in accordance with the formalities of tenure law and (2) whether the decision was based on substantial evidence. Substantial evidence is “evidence of such quality and weight that reasonable and fair-minded men in exercise of impartial judgment might reach different conclusions.” Coleman v. Orleans Parish School Board, 93-0916, 94-0737, pp. 3-4 (La.App. 4th Cir.2/5/97), 688 So.2d 1312, 1314-1315, writ denied, 97-0622 (La.4/25/97), 692 So.2d 1087.
We note that appellant makes no claim that the hearing was not conducted in accordance with the formalities of La. R.S. 17:443. Therefore, our review of this matter will be limited to consideration of whether the Rschool board’s decision to terminate appellant’s employment was based on substantial evidence.
The remaining assignments of error basically question whether appellant’s conduct of having a firearm in his vehicle, while the car was on school grounds, constituted willful neglect of duty. According to La. R.S. 17:443, willful neglect of duty is one of the grounds upon which the employment of a tenured teacher may be terminated. In order for a teacher to be found guilty of willful neglect of duty, it must first be shown that the teacher had “some knowledge that his actions were contrary to school policy gained .either through warnings from his supervisors or from general knowledge concerning the responsibilities and conduct of teachers.” Coleman, 93-0916 at 6, 688 So.2d at 1316 (emphasis added).
Appellant argues that the school board’s decision should be reversed because the only proof of the gun being brought on school grounds were statements made by him to school officials and the sheriffs department. He further asserts that this evidence is refuted by additional evidence presented by him, namely, the testimony of David Bazzell, former assistant store manager of the Port Allen NAPA Auto Parts store. Mr. Bazzell testified that he had observed several people in close proximity to appellant’s car while it was parked in front of the NAPA store on the morning of October 4, 1996. Appellant filed a supplemental report with the sheriffs department on October 21, 1996, relating these observations by Mr. Bazzell and stating that the weapon was more than likely taken from his vehicle while at the NAPA store in Port Allen between the *444 hours of 7:00 a.m. and 8:00 a.m. on October 4,1996, before he drove it to school.
Appellant asserts that, based on this new evidence, his initial statements and reports to school officials and the sheriffs department were |finot sufficient to support a finding that the gun was on school property. We disagree. “[W]here there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Appellant’s subsequent statements and the supplemental report filed by him simply created a conflict in the evidence and presented the trier of fact, in this case, the school board, with two permissible views of the evidence: (1) the gun was stolen from appellant’s vehicle while it was parked on school grounds; or (2) the gun was stolen while it was parked in front of the NAPA Auto Parts store prior to appellant reporting to work that day. The school board chose to believe the former, which was well within its discretion as the trier of fact.
Finally, appellant contends the finding of willful neglect of duty should be reversed since there was no proof that he “willfully” brought the gun on school grounds and further, there was no proof that appellant had violated any law or identifiable school policy. This argument stems from appellant’s contention that he was unaware of his wife having left the gun in the car on the day of the incident. However, there was other testimony presented indicating that appellant either intended to bring the gun on the school grounds or at least was aware of it still being in the car upon his reporting to work that day.
Shawn Schexnaildre, a deputy with the West Baton Rouge Parish Sheriffs Department, was the officer to whom appellant reported the gun stolen on October 7, 1996. At the school board hearing, Deputy Schexnaildre testified that appellant had told him that he was carrying the |7gun in his car on October 4, 1996, for protection because of threats appellant had received from students. Also at the hearing, a letter to Alfred Johnson from appellant was introduced into evidence. In the letter, dated September 30, 1996, appellant informed Mr. Johnson of a confrontation with a specific student in which threats of violence were exchanged. Mr. Johnson, Mr. Fouquier and Superintendent Triche also testified to being aware of the incident and to having read the letter.
In her testimony before the school board, Superintendent Triche explained that the reason she recommended that appellant be dismissed for willful neglect of duty was because “any employee or any teacher who will place a vehicle in the proximity of students where they can go into a vehicle and pick a gun up is neglectful of providing for the health and safety of the students under their responsibility.”
It is uneontested that on the date in question, appellant’s vehicle was not parked in the faculty parking lot, but was parked near the building where appellant conducted his classes. Furthermore, appellant stated that there were no signs of forced entry or property damage to his vehicle following the burglary. However, he refused to admit that he had left the car unlocked, but rather insisted that he “always” locked his car while on school grounds.
Appellant’s wife, Caroline Howard, testified before the district court that the vehicle driven by her husband on October 4, 1996, is the one customarily used by her. She further stated that the gun was given to her by her husband and that she chose to keep the gun in her vehicle, hidden in a sock, for her protection. She also stated that it was her custom to remove the gun from the vehicle and place it in her notary satchel on the days she would be working late; otherwise, the gun remained in the vehicle. She also insisted that it was a *445 matter of routine for her to remove the gun from the |svehicie when the car was not being used by her; however, she admitted not having done so on the date of the incident.
Contrary to appellant’s contentions, his statements and the testimony of the other witnesses are competent evidence sufficient to support the factual conclusions of the school board. As previously summarized, a teacher can be found guilty of willful neglect of duty if he had some knowledge that his actions were contrary to school policy based on general knowledge concerning the responsibility and conduct of teachers.
Appellant has consistently argued that if the gun was, in fact, in the car, he accidentally brought the gun on school grounds. However, the evidence presented revealed that appellant had knowledge that a gun was kept in the vehicle and that he parked the vehicle in an area easily accessed by the students. Additionally, there is a strong inference that the car was, more than likely, left unlocked. His stated “shock” at noticing that the sock that covered the gun was missing, despite his wife’s routine of taking the gun with her, could support the factfinder’s belief that appellant was less than credible and had some knowledge of the precarious nature of his actions on October 4, 1996. We, therefore, find no abuse of discretion in the decision rendered by the school board and reject appellant’s assignments of error questioning that determination.
CONCLUSION
Accordingly, based on the law and the evidence presented, we affirm the judgment of the district court upholding appellant’s dismissal for willful neglect of duty. All costs of this appeal are assessed against appellant, James Howard.
AFFIRMED.