843 So.2d 511 (2003)
James HOWARD
v.
WEST BATON ROUGE PARISH SCHOOL BOARD.
No. 2002 CA 0803.
Court of Appeal of Louisiana, First Circuit.
March 28, 2003.
Rehearing Denied May 13, 2003.
Charles W. Rea, Baton Rouge, Counsel for Plaintiff/Appellee James Howard.
*512 Patrick M. Amedee, Metairie, Counsel for Defendant/Appellant West Baton Rouge Parish School Board.
Before: PARRO, McDONALD, and CLAIBORNE,[1] JJ.
McDONALD, J.
Defendant, West Baton Rouge Parish School Board, appeals the decision of the trial court ordering the reinstatement of a tenured vocational technical teacher, with back pay, from the date of his wrongful termination through the date of the judgment from which defendant appealed.

FACTS AND PROCEDURAL HISTORY
James Howard, a tenured vocational technical teacher with the West Baton Rouge Parish School Board (School Board), was placed on paid suspension in October 1996, following his report of a gun being stolen from his wife's car that was parked outside of his classroom. In February 1997, the School Board gave Howard a written notice that he was being charged with willful neglect of duty concerning the loss of the firearm and in March 1997, following a teacher tenure hearing, terminated him. Howard appealed the School Board decision to the district court, which affirmed the School Board decision, and to the court of appeal, which also upheld the School Board decision. Howard v. West Baton Rouge Parish School Board, 98-2574 (La.App. 1st Cir.9/22/00), 770 So.2d 441. On June 29, 2001, the supreme court reversed and ordered that Howard be reinstated to his former position with all salary, compensation, and emoluments. A motion for rehearing was denied. Howard v. West Baton Rouge Parish School Board, 00-3234 (La.6/29/01), 793 So.2d 153.
Howard possessed a limited certification from the State Department of Education, which allowed him to teach only in the capacity of an auto mechanic instructor. This program was eliminated from the West Baton Rouge Parish school system curriculum in August 1997. On October 18, 2001, Beverly Triche, Superintendent of Schools for the West Baton Rouge Parish School Board, wrote to Howard advising him that the course he was teaching at the time of his separation from the School Board had been discontinued at the end of the 1996-97 school year. The correspondence further served as notification of termination of employment pursuant to School Board policy on reduction-in-staff personnel and advised Howard that he had a right to request a review of the action and receive notice of the results of such review. Howard was given fifteen days to submit a written request for review. On October 29, 2001, Howard filed a motion to enforce the supreme court order but did not request review of the reduction action. The trial court ordered that Howard be reinstated to his former position and salary. The court further ordered that Howard be paid all back pay, benefits and emoluments, from the date of his last regular payment until he is reinstated and legal interest from the date of judicial demand until paid. The School Board appealed the judgment, asserting that the district court erred in ordering that Howard be reinstated with back pay through the date of its judgment, considering the reduction-in-force action taken by the School Board.

*513 LAW AND DISCUSSION
The sole issue before the supreme court in Howard, 793 So.2d 153, was whether Howard's employment was properly terminated for willful neglect of duties under the Louisiana Teachers' Tenure Law, La. R.S. 17:443. It noted that the trend in the cases wherein teachers were terminated for willful neglect of duty required a teacher to violate a policy or order, or to be guilty of dereliction of duty. Therefore, the School Board had to prove that Howard willfully or deliberately neglected his duties or acted in contravention of an order or school policy in order for the termination to be considered lawful. The court found that the record did not contain substantial evidence that Howard either acted or failed to act in contravention of a direct order from a supervisor or against an identifiable school policy. Howard, 793 So.2d at 157. Consequently, Howard was ordered to be reinstated. However, the supreme court did not have before it, nor did its decision encompass, the fact that Howard's former position had been eliminated.
In seeking enforcement of the court opinion in his favor, Howard argued that he should be paid all of the wages and benefits he would have otherwise received from the date of his last full paycheck until he was reinstated and thereafter until his relationship with the School Board was terminated. Howard maintained that he could not be fired again until after he had been reinstated. He continued to argue zealously that in order to give effect to the supreme court decision, not only must Howard be reinstated, but also, in effect, the School Board could not take any action regarding Howard or the position that he held until after he was reinstated. The United States Supreme Court came to a different conclusion regarding remedial measures after a wrongful termination in McKennon v. Nashville Banner Publishing Company, 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852, (1995), and we find the reasoning of that case to be appropriate here.
In McKennon, the Supreme Court considered the issue of the effect of after-acquired evidence of a wrongdoing in the context of a discriminatory termination. The plaintiff (McKennon) was terminated after 30 years employment with Banner Publishing, allegedly based on work force reduction necessitated by cost considerations. The employee believed her dismissal was because of her age, 62, and filed suit for violation of the Age Discrimination Employment Act of 1967. Upon taking McKennon's deposition, it was learned that she had copied confidential documents regarding the company's financial condition and taken them home to show her husband. A few days after her deposition, Banner sent McKennon a letter declaring that the removal and copying of the records was in violation of her job responsibilities and advising her once again that she was terminated. McKennon, 115 S.Ct. at 883. The Supreme Court noted that the case was before it based on the assumption that an unlawful motive was the sole basis for the firing because the misconduct was not discovered until after the termination. McKennon, 115 S.Ct. at 885 However, the court found that the after-acquired evidence of wrongdoing could be considered in fashioning the remedy. In spite of the fact that Banner had been guilty of age discrimination,[2] the court found that it was necessary to take into account the employer's legitimate concerns and the lawful prerogatives of the *514 employer in the usual course of its business. It also noted that it "would be both inequitable and pointless to order the reinstatement of someone the employer would have terminated, and will terminate, in any event and upon lawful grounds." McKennon, 115 S.Ct. at 886.
While the McKennon case is factually distinct from the one before us, we consider its reasoning to provide the proper guide to our decision here. The School Board did not engage in an overtly discriminatory act. The Louisiana Supreme Court's consideration of Howard's case addressed only the issue of whether Howard's termination was lawful. The opinion noted the facts in numerous cases in which termination had been upheld and numerous cases in which termination had been found unlawful. In the course of its analysis, the court cited Coleman v. Orleans Parish School Board, 93-0916, 94-0737 (La.App. 4 Cir. 2/5/97), 688 So.2d 1312, writ denied, 97-0622 (La.4/25/97), 692 So.2d 1087. According to the court, Coleman extensively reviewed and discussed the jurisprudence concerning "willful neglect of duty" cases and concluded that teachers may be dismissed for willful neglect of duty only for a specific action or failure to act in contravention of a direct order or identifiable school policy. In agreeing with the fourth circuit, the court articulated a standard of law to be applied to all "willful neglect of duty" cases that heretofore had not been established. Howard, 793 So.2d at 157. Considering Howard's termination under this standard, the court reinstated Howard to his former position with all salary, compensation, and emoluments. Howard, 793 So.2d at 157. Therefore, the law of the case is that Howard be reinstated to his former position effective March 1997. We now have to address the issue of the effect of the School Board action taken in August 1997, eliminating the auto mechanic course and the subsequent reduction-in-force action.
A parish school board has broad responsibilities in administering the public schools. Included is the power, when acting in good faith, to consolidate positions or to abolish them. La. R.S. 17:81; Palone v. Jefferson Parish School Board, 306 So.2d 679, 681 (La.1975). The standard of judicial review of a school board's decision is whether there is a rational basis for the board's determination supported by substantial evidence insofar as factually required. Howard, 793 So.2d at 157; Howell v. Winn Parish School Board, 332 So.2d 822, 824-825 (La.1976). In such cases, the reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board's bona fide exercise of discretion. (Italics in original) Howard, 793 So.2d at 157. Because the elimination of a course in a public school is a bona fide exercise of discretion by the School Board, the only remaining issue we must address in evaluating the validity of the action is "good faith."[3]
Howard argues that the elimination of the auto mechanic course was an attempt to uphold his firing and avoid paying him for the five years that he did not work. He posits that the School Board apparently believes it is the supreme authority above the courts of the state of Louisiana and was acting in bad faith. As we have stated, the enforcement of the supreme court decision requires only that Howard be reinstated with all salary, compensation, and emoluments effective March *515 1997. We do not believe the decision in August 1997 to eliminate the auto mechanic course was made for any nefarious purpose, in bad faith. Having decided to eliminate the course and with no one occupying the position of course instructor, a reduction-in-force action in accordance with La. R.S. 17:81.4 would have been nonsensical. The School Board took this action as soon as practicable after notice of the supreme court decision. We find no bad faith on its part, and neither we, nor the trial court, may substitute its judgment for that of the School Board and order it to offer this course or any other course. Furthermore, we do not believe the ruling of the Supreme Court was intended to prevent or undo the decision of the School Board taken in August 1997 to cease offering the auto mechanics course, after the end of the school year of 1997-1997. The assignment of Howard to another position after reinstatement does not seem possible since he does not have the qualifications required of a classroom teacher. However, the issue of alternative positions would have to have been raised by Howard at the time of the reduction-in-force action.
The judgment of the district court ordering the West Baton Rouge Parish School Board to reinstate Howard to his former position with all salary, compensation, and emoluments is amended to provide an effective date of March 1997 through the date of the elimination of the auto mechanic course, with legal interest thereon from the date of judicial demand until paid. Costs of this appeal in the amount of $1,576.60 are assessed to the West Baton Rouge Parish School Board.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] For purposes of the summary judgment, Banner conceded its discrimination against McKennon.
[3] Because Howard did not request review of the reduction-in-force action, we cannot address whether that action had a rational basis.