865 So.2d 708 (2004)
James HOWARD
v.
WEST BATON ROUGE PARISH SCHOOL BOARD.
No. 2003-C-1426.
Supreme Court of Louisiana.
February 20, 2004.
*709 Charles W. Rea, Baton Rouge, for applicant.
Delise, Amedee & Hall, Patrick M. Amedee, Metairie, for respondent.
PER CURIAM.[*]
In this matter, we are called upon to determine whether the lower courts have properly interpreted a prior judgment of this court ordering that plaintiff be reinstated to his former position as a teacher.

UNDERLYING FACTS AND PROCEDURAL HISTORY
James Howard was a tenured vocational instructor employed by the West Baton Rouge Parish School Board ("Board") to teach a shop mechanics class. In October 1996, Mr. Howard was suspended with pay pending an investigation by the Board after he reported that a loaded gun was stolen from his wife's car while it was parked outside of his classroom. On February 5, 1997, Mr. Howard was charged with willful neglect of duty concerning the loss of the firearm. After a tenure hearing on March 5, 1997, the Board voted to terminate Mr. Howard's employment for willful neglect of duty.
Mr. Howard appealed his termination to the district court, which affirmed the school board's decision on June 17, 1998. Mr. Howard then appealed to the court of appeal, which likewise affirmed. Howard v. West Baton Rouge Parish Sch. Bd., 98 2574 (La.App. 1st Cir.9/22/00), 770 So.2d 441.
Upon Mr. Howard's application, we granted writs and docketed the case. On June 29, 2001, we reversed the judgment of the court of appeal. Howard v. West Baton Rouge Parish Sch. Bd., 00-3234 *710 (La.6/29/01), 793 So.2d 153 (hereinafter referred to as "Howard I"). In our opinion, we concluded the Board did not have a rational basis supported by substantial evidence to terminate Mr. Howard for willful neglect of duty. Accordingly, we ordered that Mr. Howard be reinstated "to his former position with all salary, compensation, and emoluments." That judgment became final on August 31, 2001, when we denied the Board's application for rehearing.
There is no evidence that the Board took formal action to reinstate Mr. Howard following the finality of our judgment. However, by letter dated October 18, 2001, the Board, through its Superintendent of Schools, Beverly Triche, advised Mr. Howard that the shop mechanics course he was teaching at the time of his separation from the school board in March 1997 had been discontinued from the West Baton Rouge Parish curriculum in August 1997. According to Ms. Triche's letter, this course was the only course Mr. Howard was certified to teach. As a result, she advised Mr. Howard of the termination of his employment as a result of program elimination, and further indicated that this notification was "retroactive to August, 1997." Mr. Howard was informed that pursuant to the Board's policy on reductions-in-force, he had fifteen days to submit a written request for review.
Mr. Howard did not request review of the school board's reduction-in-force action. However, on October 29, 2001, he filed a motion in the trial court seeking to enforce this court's judgment in Howard I. In his motion, Mr. Howard argued that in order to give effect to the court's opinion in Howard I, the Board could not take any action against him until he was reinstated. Accordingly, Mr. Howard argued that he should be paid all of the wages and benefits he would have received from the date of his last full paycheck in March 1997 until he was reinstated, and thereafter until his relationship with the Board was severed.
The Board opposed Mr. Howard's motion. As a result of the reduction-in-force which eliminated the only course Mr. Howard could teach, the Board contended that Mr. Howard was entitled only to the balance of his salary for the remainder of the 1996-97 academic year, when the shop mechanics class was eliminated from the curriculum.
Following a hearing, the district court ordered that Mr. Howard be reinstated to his former position and salary. The court further ordered that Mr. Howard be paid all back pay, benefits, and emoluments from the date he was terminated until he is reinstated, with legal interest from the date of judicial demand until paid. The trial court adopted the "[o]rders of the Louisiana Supreme Court as its written reasons for judgment."
The Board appealed. The Court of Appeal, First Circuit amended the judgment of the district court to provide that Mr. Howard should be reinstated to his former position from March 1997 through August 1997, the date the shop mechanics class was eliminated by the Board. Howard v. West Baton Rouge Parish Sch. Bd., 02-0803 (La.App. 1st Cir.3/28/03), 843 So.2d 511. In its opinion, the court of appeal reasoned that the Board's decision to eliminate the shop course effective August 1997 was not made in bad faith.
Upon Mr. Howard's application, we granted certiorari to review the correctness of that decision.

DISCUSSION
Our opinion in Howard I clearly ordered the Board to reinstate Mr. Howard "to his former position with all salary, compensation, *711 and emoluments." The record before us is devoid of any evidence indicating the Board complied with the mandate of that judgment. Rather, the only evidence in the record of the Board's action concerning Mr. Howard's position is the October 18, 2001 letter which advised him for the first time that he was being terminated from his employment with the Board because the only course he was certified to teach had been eliminated from the curriculum as of August 1997.
The Board contends that this letter should be interpreted as reinstating Mr. Howard to his position as of March 1997, but terminating him retroactively to August 1997, the date the shop mechanics course was eliminated. We find the Board's interpretation is at odds with language contained in the letter of October 18, 2001. Although that letter purports to make the notification of termination retroactive to August 1997, it also gives Mr. Howard fifteen days to request review of the action.[1] By giving Mr. Howard fifteen days from the October 18, 2001 letter to challenge the Board's action, the Board obviously recognized his termination did not become effective until October 18, 2001, despite language to the contrary in the letter.
Under these circumstances, we conclude that Mr. Howard should be considered reinstated to his former position as of the date of his last paycheck in March 1997 through October 18, 2001, the date on which he was formally advised by the Board that he was terminated because the shop mechanics class was eliminated from the curriculum. Accordingly, we will amend the judgment of the court of appeal to this effect.

DECREE
For the reasons assigned, the judgment of the court of appeal is amended to provide that the West Baton Rouge Parish School Board is ordered to reinstate James Howard to his former position with all salary, compensation, and emoluments, beginning on the date of his last paycheck in March 1997 through October 18, 2001, with legal interest thereon from the date of judicial demand until paid. All costs in this court are assessed against the West Baton Rouge Parish School Board.
JOHNSON, J., dissents.
NOTES
[*] Retired Judge Robert J. Klees, assigned as Associate Justice Ad Hoc, sitting for Associate Justice John L. Weimer, recused.
[1] Because Mr. Howard did not request such review, the question of whether the Board properly terminated him is not before the court.