559 So.2d 46 (1990)
Susan BRADLEY
v.
LATTER & BLUM, INC.
No. 89-CA-1321.
Court of Appeals of Louisiana, Fourth Circuit.
March 14, 1990.
*47 Gardner, Robein & Urann, Robert H. Urann, Metairie, for plaintiff/appellant.
Jonathan M. Lake, New Orleans, for defendant/appellee.
Before SCHOTT, C.J., and CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff, Susan Bradley, appeals the trial court judgment holding that the defendant, Latter & Blum, Inc., had not committed any acts of sexual discrimination while releasing a pregnant employee after she had missed several days of work during her probationary term.
WE AFFIRM.
Facts
Bradley was hired by Latter & Blum on August 5, 1985 to work as a receptionist. The plaintiff acknowledged that during the first 90 days of her employment she was working as a probationary employee and she could be released at any time without notice or reason. The language in the handbook read specifically as follows:
1.D. When a new employee is hired, he/she undergoes a period of adjustment to his/her new work assignment. Similarly, the company makes adjustments based on his/her interest and ability to perform his/her work. This first ninety day period of employment is known as the employee's "Probationary Period".
During the probationary period, an employee's rights to certain benefits are generally limited. Most benefits providing time off with pay, e.g., vacation, funeral leave, jury duty, etc. are not available.
Probationary employees may be terminated at any time without notice or reason, and are not eligible for any termination benefits.
While the plaintiff was still in her probationary term, on September 4, 1985, she was informed by her doctor that she was six to eight weeks pregnant. She subsequently missed several days of work in order to receive the bed rest that was recommended by her doctor. Several days after returning to work, the plaintiff was notified that her employment had been terminated.
The plaintiff brought suit against the defendant based on sexual discrimination. The trial court reached a verdict in favor of the defendant.
The doctrine of employment-at-will has been recognized in Louisiana since before the enactment of the first civil code. Thome v. Monroe City School Board, 542 So.2d 490 (La.1989). Currently the employment-at-will doctrine is represented by the language in La. C.C. art. 2747 which reads as follows:
"A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."
For the purposes of this case the article must be read in conjunction with LSA-R.S. 23:1006(B) which reads as follows:
B. It shall be unlawful discrimination in employment for an employer to:
(1) Intentionally fail or refuse to hire, refer, discharge, or to otherwise intentionally discriminate against or in favor of an individual with respect to compensation, terms, conditions, or privileges of employment, because of race, color, religion, sex, or national origin: or

*48 (2) Intentionally limit, segregate, or classify an employee in a way which would deprive an individual of employment opportunities, give a favor or advantage to one individual over another, or otherwise adversely or favorably affect the status of an employee because of race, color, religion, sex, or national origin.
The plaintiff relies on the interpretation of a similar anti-discrimination federal statute contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a). In interpreting this statute in Price Waterhouse v. Hopkins, ___ U.S. ___, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), the U.S. Supreme Court held that the plaintiff in a sex discrimination case must prove that the employer relied on sex based considerations in reaching its decision. The Court further held that the employer cannot be held liable if it can prove that it would have reached the same decision even if it had not taken gender into account.
In the case at hand, even assuming that plaintiff established a prima facie case of sex discrimination, the record reveals that the plaintiff missed in excess of five days during her first month of employment, two of which were missed prior to learning of her pregnancy. Since under Louisiana law no reason for employee termination is required, the facts of this case support the trial judge's conclusion that the plaintiff's employment was terminated because of absenteeism; therefore, it was not wrongfully terminated. The record further indicates that the defendant had adequate grounds, that were not gender based, to release the plaintiff.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.