693 So.2d 236 (1997)
Susan LAPEYRONNIE
v.
DIMITRI EYE CENTER, INC.
No. 96-CA-2608.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1997.
Rehearing Denied May 30, 1997.
*237 Jeffrey A. Schwartz, Audrey N. Browne, Schwartz & Browne, New Orleans, for Plaintiff/Appellant.
Leon H. Rittenberg, III, Leon H. Rittenberg, Jr., Baldwin & Haspel, New Orleans, for Defendant/Appellee.
Before SCHOTT, KLEES and ARMSTRONG, JJ.
SCHOTT, Chief Judge.
In this employment discrimination suit plaintiff alleges she was terminated because of her pregnancy. The trial court granted the employer's motion for summary judgment. The issue is whether sexual discrimination prohibited by La.R.S. 51:2242 encompasses discrimination because of pregnancy.
Plaintiff began working for defendant in May 1994. In January 1995 she announced she was five months pregnant. Shortly afterward her employment was terminated by defendant. Although the employer denies plaintiff was discharged because of her pregnancy we assume that she was for purposes of this appeal.
La.R.S. 23:1008 specifically prohibits an employer from discharging an employee because of pregnancy. However, this statute does not apply to an employer having twenty-five or fewer employees as does defendant.
La.R.S. 51:2242 prohibits an employer from discharging an employee because or race, creed, color, religion, sex, age, disability or national origin, but it does not specifically refer to pregnancy. This statute applies to an employer having eight or more employees as does defendant. La.R.S. 51:2332(4). La. R.S. 51:2242 is part of Chapter 38 which was added to Title 51 of the Revised Statutes by Act 886 of 1988. § 2231 provides that the purpose of the legislation was to provide for execution in Louisiana the policies embodied in the Federal Civil Rights Acts of 1964, 1968, and 1972; and to assure that Louisiana has appropriate legislation to justify the deferral of cases by the federal Equal Employment Opportunity Commission (EEOC). The act established the Louisiana Commission on Human Rights which has the same purposes as and works in tandem with the EEOC.
Historically, Louisiana courts have looked to the federal statute to determine whether plaintiff has asserted a claim for sexual discrimination. Bennett v. Corroon and Black Corp., 517 So.2d 1245 (La.App. 4th Cir.1987), writ den 520 So.2d 425 (La.1988). Title VII of the Civil Rights Act of 1964 made it an unlawful employment practice for *238 an employer to discriminate against an employee because of the employee's sex. It was amended in 1978 to make it clear that, for all Title VII purposes, discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex. Newport News Shipbuilding & Dry Dock Co. v. EEOC, 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983). Thus, when Act 886 of 1988 was adopted Title VII classified pregnancy discrimination as sex discrimination. Since the expressed purpose of the act was to mirror Title VII its prohibition against sex discrimination necessarily included pregnancy discrimination. See Sims v. Brown & Root Industrial Services, Inc., 889 F.Supp. 920 (W.D.La.1995), fn. 3.
Defendant argues that there is a conflict between La.R.S. 23:1008 and La.R.S. 51:2242 which can be harmonized only by the application of the principle that specific legislation prevail over general legislation. Thus, says defendant, the pregnancy discrimination statute must prevail over the more general sex discrimination statute and since the pregnancy discrimination statute has no application to a small employer like defendant, plaintiff's suit was properly dismissed. This argument is without merit.
Part VIII was added to Chapter 9 of Title 23 of the Revised Statutes by Act 709 of 1983. It was designated as La.R.S. 23:1006 and was a general prohibition against intentional discrimination in employment because of race, color, religion, sex, or national origin. Section 1008 was added by Act 900 of 1987 to prohibit discrimination in employment because of pregnancy. Not until the following year was La.R.S. 51:2242 adopted. As already stated, this section should not be read in isolation. It is a part of a broad statutory scheme to make Louisiana's anti-discriminatory policy and laws totally consistent with those of the federal government. In a sense the entire Chapter of which § 2242 is a part is far more specific than La.R.S. 23:1008 in that it specifically proclaims that its purpose is to mirror the Federal Civil Rights Acts and it provides specific administrative and judicial remedies to persons whose rights are violated. If there is any conflict between these statutes, the latter act embodying La. R.S. 51:2242 supercedes the former.
Accordingly, the judgment appealed from is reversed and defendant's motion for summary judgment is denied. The case is remanded to the trial court for further proceedings. All costs of this appeal are assessed against defendant. The assessment of other costs is to await the outcome of the case.
REVERSED AND REMANDED.