11 ARMSTRONG, Judge.
This is a case of alleged employment discrimination. The plaintiff-appellant alleges that he was denied two promotions because of alleged discrimination on the basis of col- or, age, disability and retaliation. The defendant-appellee argues that it had perfectly proper non-discriminatory reasons for giving the two promotions to other persons. The trial court granted summary in favor of the defendant. We have carefully reviewed all of the summary judgment evidence and we conclude that the summary judgment was properly granted. Even if we assume (without deciding) that there was discrimination as alleged by the plaintiff, there were non-discriminatory reasons which precluded giving promotions to the plaintiff and led to other persons being selected for promotion. Thus, we affirm the judgment of the trial court.
Plaintiff Larry Morgan was employed as a “leadman” in the paint shop of defendant New Orleans Public Facilities Management, Inc. (“NOPFMI”). Mr. Morgan applied for promotion to the position of Carpentry and Paint Foreman but was rejected for that position in April 1995. Mr. Morgan subsequently applied for ^promotion to the position of Building Superintendent and was rejected for that position in November, 1995.
Mr. Morgan alleges that, in connection with the above-described denials of promotion, he was subject to illegal employment discrimination upon the basis of color, age, disability and retaliation. He sues under La. R.S. 51:2242 (color), La. R.S. 23:972 (age), La. R.S. 23:1008 (disability), and La. R.S. 51:2256 (retaliation). We evaluate the summary judgment evidence as to these issues to determine whether “there is no genuine issue of material fact, and [whether the] mover is entitled to judgment as a matter of law.” La. Code Civ. Proc. art. 966 (amended by 1997 La. Acts 483).
Mr. Morgan’s evidence consists primarily of deposition testimony of NOPFMI employees to the effect that one of Mr. Morgan’s superiors, Vincent Ducre, used racial slurs and made racist remarks with respect to Mr. Morgan and the possibility of Mr. Morgan being promoted. Apparently, Mr. Ducre had some involvement in the promotion process although the decision as to whom to promote was made at a higher level by Arthur DeLa-up who was NOPFMI’s Director of Operations.
Mr. DeLaup provided a lengthy affidavit regarding the decision to promote persons other than Mr. Morgan. Most importantly for present purposes, Mr. DeLaup’s affidavit explains that either a high school diploma or equivalent, a GED, was required for either of the promotions at issue and that no candidate would be considered for either promotion without either a high school diploma or a GED. This is borne out by the job vacancy announcements, copies of which are in the record, and one of which states that a high school education or equivalent is required and the other of which states that a high school education is preferred. |3Mr. *184 DeLaup’s affidavit specifically states: “Larry Morgan was unable to ever produce proof of either a GED or a diploma. Management suspected he had neither.”
Mr. Morgan provided an affidavit stating that he had in fact received a GED. But, that is not the specific issue. Mr. Morgan does not deny that he was unable to produce a GED certificate in support of his applications for promotion. NOPFMI wanted proof of the GED which proof other candidates were able to supply and which Mr. Morgan was not able to supply. It is not unreasonable for an employer to require documentary proof that educational requirements are met by applicants for promotion to responsible supervisory positions.[1]
We now turn to the question of the legal analysis that should be applied to the above-discussed facts. In interpreting Louisiana’s employment discrimination laws, Louisiana courts often have looked to federal caselaw interpreting similar federal employment discrimination statutes. Lapeyronnie v. Dimitri Eye Center, Inc., No. 96-2608 (La.App. 4th Cir. 4/16/97), 693 So.2d 236, writ denied, 97-1639 (La.10/3/97), 701 So.2d 207; Plummer v. Marriott Corp., No. 94-2025 (La.App. 4th Cir. 4/26/95), 654 So.2d 843, 848, writ denied, 95-1321 (La.9/15/95), 660 So.2d 460. We believe that the legal analysis appropriate to the present ease is supplied by Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), which we 14have at least cited, and perhaps approved, in Bradley v. Latter & Blum, Inc., 559 So.2d 46 (La.App. 4th Cir.1990), writ denied, 566 So.2d 397 (La.1990). The Price Waterhouse case involved a situation in which one of the reasons for a denial of promotion was illegal discrimination but another reason for the denial of promotion was legitimate. The Supreme Court held that, once the plaintiff has proven that illegal discrimination “played a motivating part in an employment decision, the defendant may avoid a finding of Lability only by proving that it would have made the same decision even if it had not allowed [the illegal discrimination] to play such a role.” 490 U.S. at 244-45, 109 S.Ct. at 1787-88. “The employer ... must show that its legitimate reason, standing alone, would have induced it to make the same decision.” 490 U.S. at 252,109 S.Ct. at 1792.
We believe that NOPFMI has clearly, and indeed without real rebuttal, met the Price Waterhouse standard. Even assuming that Mr. Morgan has shown discrimination on the part of Mr. Ducre, we believe that NOPFMI has shown that, because Mr. Morgan failed to produce either a high school diploma or a GED, they would not have promoted Mr. Morgan under any circumstances.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Mr. Morgan's affidavit states that he was told by the Louisiana Department of Education that they could not supply him with a copy of his GED certificate because the records for the 1963-64 time period were unavailable. However, this portion of Mr. Morgan’s affidavit is clearly hearsay, and inadmissible, and thus cannot be considered in connection with a motion for summary judgment. La.Code Civ. Proc. art. 967. Furthermore, NOPFMI obtained a statement from the Louisiana Department of Education that the relevant records for 1963-65 did exist, that those records had been reviewed, and that there was no record of a GED of Mr. Morgan. In any case, the real issue is what documentation of the GED was available at the time the promotion decisions were made, not what is available during the course of the later litigation.